Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Philip B. Obbard (State Bar No. 135372)
pbo@girardgibbs.com
David Stein (State Bar No. 257465)
ds@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiff Deno Milano

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Deno Milano, on behalf of himself and all others similarly situated, | **Case No. 10-CV-2125 - CW** |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| Interstate Battery System of America, Inc.; Interstate Battery System International, Inc., | **CLASS ACTION** |
| Defendants. | |

Plaintiff Deno Milano, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE CASE

1.      Interstate Battery System of America, Inc., and Interstate Battery System International, Inc., ("Interstate"), sells and distributes automotive batteries under the Interstate brand name. Interstate's "automobile batteries" are typically used to power the starter motor, lights, and ignition system of a car or light truck.  With each battery it sells, Interstate provides a "Limited Warranty" (the "Warranty"), which entitles Interstate customers to purchase a replacement battery at a prorated charge based upon the number of months the original battery lasted.  Other retailers use the suggested retail price (or the price the consumer paid) as the price to be prorated.  Interstate, however, calculates the monthly credit based upon an inflated "List Price," which is not mentioned in Interstate's Warranty, is about 20 percent higher than Interstate's suggested retail price, and is even higher still than the price at which the batteries are typically sold.

2.      As a result of Interstate's practices, Plaintiff and the other members of the proposed nationwide class and proposed subclass have suffered injury in fact, including economic damages, and have lost money or property.  Plaintiff brings claims on behalf of the proposed nationwide class under the Magnuson-Moss Warranty Act and for breach of contract.   Plaintiff brings claims on behalf of the proposed subclass for breach of the implied covenant of good faith and fair dealing, and for violation of the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750 *et seq.*, and the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq*.

## PARTIES

3.      Plaintiff Deno Milano is a citizen and resident of Foster City, California, located in the County of San Mateo.

4.      Defendant Interstate Battery System of America, Inc., is a privately held corporation incorporated in Delaware with its principal place of business in Dallas, Texas.

5.      Defendant Interstate Battery System International, Inc., is a privately held corporation incorporated in Delaware with its principal place of business in Dallas, Texas.

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Interstate, on the other, are citizens of different states.

7.     This Court has jurisdiction over Interstate because Interstate has sufficient minimum contacts in California or otherwise intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its automobile batteries to render the exercise of jurisdiction by this Court proper and necessary.

8.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

9.     This action has been assigned to the Oakland division of this District, which is appropriate under Local Rule 3-2(c)-(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Mateo County.

**SUBSTANTIVE ALLEGATIONS**

**The Automobile Battery Industry**

10.     The market in the United States' highly competitive automobile battery industry is large and growing, and is projected to reach $16.8 billion by 2012.  The majority of batteries in the industry are manufactured by three entities—Delphi Automotive LLP, Exide Technologies, and Johnson Controls Industries, Inc.—but are marketed and packaged under a variety of different brand names. Interstate batteries are manufactured by Johnson Controls Industries, Inc.

11.     Interstate describes itself as the largest replacement brand battery company in the United States, claiming its batteries are used by 55% of dealerships and mechanics nationwide and that it has nearly 300 distributors who service more than 200,000 locations.  Interstate batteries are sold by authorized dealers, including Interstate franchise Battery Centers and independent automotive shops. Interstate has about 70 types of automobile batteries for sale at any given time.  One or more of these batteries may be suitable for a customer, depending on the year, make, model, and engine size of a

2

1    customer's automobile.

2                          **Automobile Battery Warranties**

3          12.    A major competitive factor in the automobile battery industry is the warranty that covers

4    the batteries.  Warranties typically state that if a battery fails during the warranty period the owner can

5    purchase a comparable replacement battery by paying a prorated price.  The prorated price for the

6    replacement battery is typically based on (1) how long the original battery lasted, and (2) the non-

7    prorated price of the replacement battery.

8          13.    The warranties of Interstate's competitors share an important commonality:  the price to

9    be prorated in the warranty calculations is based on a disclosed price that approximates the retail price of

10   the battery.  For example, when a Duralast battery (sold at an Autozone retail store) fails during the

11   prorated warranty period, its warranty requires proration of the "*original price*" of the battery.  When an

12   AC Delco battery fails during the prorated warranty period, the "*suggested list price*" of the replacement

13   battery is prorated.

14                              **Interstate's Warranty**

15         14.    Interstate represents its batteries as having "the nation's best warranty."

16         15.    Interstate's Warranty is a form contract of adhesion with the members of the class and

17   subclass.  Interstate prepares the Warranty and provides it to consumers on a take-it-or-leave-it basis and

18   there is no negotiation regarding the content or terms of the Warranty.

19         16.    Interstate's Warranty provides two types of coverage.  First, customers receive a free

20   replacement battery if the original battery fails within a stated preliminary period.  Under the second

21   coverage—which is at issue in this case—customers can purchase a replacement battery at a prorated

22   price if the original fails after the preliminary period, but within the prorated warranty period.  For

23   example, a battery with a 65 month warranty will be replaced for free if it fails within 18 months of

24   purchase, and may be replaced at a prorated price if it fails between 19 and 65 months of purchase,

25   while a battery with a 75 month warranty will be replaced for free if it fails within 24 months of

26   purchase, and may be replaced at a prorated price if it fails between 25 and 75 months of purchase.

27         17.    Interstate provides its customers with the text of its Warranty by printing it on the plastic

28   shrink wrap that encloses each new battery.  The text of the Warranty is in tiny black font against a

**FIRST AMENDED COMPLAINT**
**CASE NO. 10-CV-2125 CW**

white background and the entire 662 word Warranty fits into a 2.5 inch by 5 inch space.  Attached

hereto as Exhibit A are photos of the Warranty printed on the battery.

18.     The text of the Warranty states:

> After the free replacement period described in paragraphs (a), (b), or (c) above whichever applies, and for the remaining number of months of designated warranty period, the original purchaser may obtain a replacement battery of similar size upon payment of a *prorated charge based upon the then current published cost per month of the battery* multiplied by the number of full months elapsed since the date of original purchase.

(Exhibit B, emphasis supplied.)

## Interstate Breaches its Warranty

19.     When an Interstate customer's battery fails after the preliminary period but within the

Warranty period and she goes to an Interstate battery dealer to invoke the Warranty and purchase a

replacement battery, Interstate does not prorate the suggested retail price or the original price of the

replacement battery.  Instead, Interstate uses an undisclosed and materially higher price in the

calculation required by the Warranty, which Interstate misleadingly labels as the battery's "List Price."

Interstate's "List Price" is roughly 20% higher than the suggested retail price for the same battery and

usually higher still than the original price for the battery or what would be charged to a first-time

consumer for the replacement battery.  Interstate's "List Price" has no evident purpose other than in

calculating the prorated price under the Warranty.

20.     When an Interstate customer invokes the Warranty to purchase a replacement battery at a

prorated price, she is not told how Interstate calculates the prorated price.  Instead, Interstate provides

the cost per month described in the Warranty to the retailer who in turn quotes a price as the prorated

charge under the Warranty.

21.     The term "List Price" does not appear in Interstate's Warranty.  However, on its website,

Interstate posts a document bearing the title "Limited Warranty," which differs from the Warranty that

accompanies the battery.  The website document provides:

> After the free replacement period and for the remaining number of months of  designated  warranty  period,  the  original  purchaser  may  obtain  a

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

> replacement battery of similar size upon payment of a prorated charge
> based upon the then current published cost per month which is *based on
> the then published List Price of the battery* multiplied by the number of
> full months elapsed since the date of original purchase.

(Exhibit C, emphasis supplied.)

22.    Interstate also describes its Warranty on the Interstate Battery Customer Service
Automated Phone Service line (866-842-5368).  The recording similarly mentions a "list price," which
is absent from the text of the Warranty.  As of April 23, 2010, the recording stated:

> Warranties on automotive, truck, and marine batteries have two parts.
> First there is a free replacement period.  If the battery becomes defective
> during the free replacement period due to a defect from the factory, or due
> to normal usage of the battery, then the battery will be replaced at no cost
> for a new battery.   Second, if the battery lasts longer than the free
> replacement period then there is a pro-rata charge that begins the month
> that the battery was purchased.  If your battery becomes defective after the
> free replacement period has expired, then there would be a pro-rata charge
> for the month that you have owned the battery.  Then you will receive a
> new Interstate battery and the warranty begins again.  *A pro-rata charge*
> means that there is a charge for each month that the battery was owned by
> the consumer.  The charge *is calculated by taking the published list price
> for the battery* part number and then dividing it by the number of months
> in the warranty.

23.    As Interstate knows, or should know, consumers are generally not aware of any practice
of assigning a third price, in addition to the actual price paid by consumers and the suggested retail
price, to retail items generally or to automobile batteries specifically.  Rather, as Interstate knows, or
should know, a reasonable consumer would equate "List Price" with suggested retail price, and thus
would not expect that their warranty calculation is based on a commercially unreasonable interpretation
of "List Price."  Moreover, a reasonable consumer would not expect that any undisclosed price used for
purposes of the calculation required by the Warranty would be materially higher than the original price
for the battery or Interstate's suggested retail prices.

24.    Interstate does not tell its customers at the time of purchase how Interstate defines the
"List Price."  Interstate does not specify the "List Price" of the battery being sold within the Warranty,
on the battery, or in any sales documents provided at the time of purchase.  Although Interstate's
Warranty language refers to a "published cost per month," Interstate nowhere defines or publishes the

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

cost per month.

25.     The only place Interstate discloses the "List Price" of its batteries is on its website. Consumers are unlikely to shop for batteries on Interstate's website because they cannot purchase batteries directly over the internet.  For each automotive battery identified on Interstate's website, the website states:

> **Only Available at Authorized Dealers**
> Due to regulations, this product cannot be shipped to you directly.  The
> information and specifications above are for your reference.  Please use
> the dealer locator to find a location near you.  Dealer prices may vary.

Neither the text of the Warranty nor the automated recording about the Warranty directs consumers to the Interstate website or provides Interstate's internet address.

26.     If a consumer were to look at Interstate's website to discern the meaning of "List Price," the consumer would not find the definition of "List Price" in the section on warranties.  The consumer would need to look for specific batteries and would there find that Interstate lists a "Suggested Retail Price" and a "List Price" for each battery.  There is no explanation on the website why Interstate has the two separate prices or any indication that the "List Price" exists solely for purposes of calculating the prorated price under the terms of the Warranty.

## Interstate Profits From the Breach

27.     By using the "List Price" and not the suggested retail price (or the typically lower actual price paid by consumers) Interstate is able to calculate a higher prorated charge for Warranty replacement batteries.  The following chart demonstrates how this works in a hypothetical transaction:

| Price Used In Calculation | | Warranty Period (in months) | | Cost Per Month | | Months Original Battery Lasted | | Pro-rated Price of Replacement Battery |
|---|---|---|---|---|---|---|---|---|
| **List Price ($125.95)** | ÷ | 75 | = | $1.68 | * | 50 | = | **$83.97** |
| **Suggested Retail Price ($104.95)** | ÷ | 75 | = | $1.40 | * | 50 | = | **$69.97** |

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

In the chart, the hypothetical battery had a 75-month warranty and lasted 50 months.  As the chart indicates, by using the "List Price," Interstate was able to charge the hypothetical customer $14 (roughly 20 percent) more than the price that would have been charged had Interstate used the suggested retail price in its calculations.

28.     Because Interstate uses the "List Price" in its Warranty calculations rather than the suggested retail price or actual price paid by consumers, Interstate customers are charged roughly 20 percent more than they otherwise should have paid for their replacement batteries.  Interstate consumers' original Interstate battery and corresponding Warranty consequently provide less value than consumers reasonably expect.

### PLAINTIFF MILANO'S TRANSACTION

29.     On February 12, 2007, Plaintiff Deno Milano bought an Interstate MTP-27 battery with Interstate's 85 month Warranty for $90.95.  Mr. Milano's battery failed in March 2010, approximately 37 months after the purchase.

30.     On March 17, 2010, Mr. Milano went to Quality Auto Care, an Interstate battery dealer, to purchase a new battery under the terms of his Warranty.  Because the failed battery functioned for 37 of the 85 warranted months, Mr. Milano expected to pay approximately $40.00 for a new battery under the terms of the Warranty.

31.     The Interstate battery dealer sold Mr. Milano a new battery under the terms of Interstate's Warranty as Interstate has applied the language in the Warranty.  As a result, Mr. Milano paid approximately $60.00 for a replacement Interstate MTP-27 battery, which was on sale for non-warranty purchasers for about $115.  The Interstate battery dealer quoted the Warranty price of the battery and did not share the details of that calculation with Mr. Milano.

32.     Shortly after his purchase of the replacement battery, Mr. Milano looked at Interstate's website and discovered that the suggested retail price of an MTP-27 battery was $113.95 and that the "List Price" of the same MTP-27 battery was $135.95.

33.     By using the "List Price" and not the suggested retail price or the actual price charged to consumers outside the Warranty, Interstate calculated a higher prorated charge for Mr. Milano's replacement battery.  The following chart demonstrates approximately how this worked in Mr. Milano's

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

transaction:

| Price Used In Calculation | | Warranty Period (in months) | | Cost Per Month | | Months Original Battery Lasted | | Pro-rated Price of Replacement Battery |
|---|---|---|---|---|---|---|---|---|
| **MTP-27 List Price ($135.95)** | ÷ | 85 | = | $1.60 | * | 37 | = | **$59.20** |
| **MTP-27 Suggested Retail Price ($113.95)** | ÷ | 85 | = | $1.34 | * | 37 | = | **$49.58** |
| **Mr. Milano's original MTP-27 sale price ($90.95)** | ÷ | 85 | = | $1.07 | * | 37 | = | **$39.59** |

34.     As a result of Interstate's use of the "List Price" rather than the suggested retail price in calculating Mr. Milano's prorated Warranty price, Mr. Milano received less value for the original battery and Warranty than he reasonably expected and was charged roughly 20 percent more for the replacement battery than Interstate was lawfully permitted to charge.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action on behalf of himself and a class of persons (the "Class") initially defined as follows:

> All persons who purchased an Interstate automobile battery in the United States at a prorated price under Interstate's Warranty within four years of the filing of this litigation.

> Excluded from the proposed Class are Interstate; any affiliate, parent, or subsidiary of Interstate; any entity in which Interstate has a controlling interest; any officer, director, or employee of Interstate; any successor or assign of Interstate; anyone employed by counsel for Plaintiff in this action; any Judge to whom this case is assigned as well as his or her immediate family and staff; and anyone who purchased an Interstate battery for the purpose of resale.

8

36.     Plaintiff brings this action on behalf of himself and a California subclass of persons (the "Subclass") initially defined as follows:

> All persons who purchased an Interstate automobile battery in California at a prorated price under Interstate's Warranty within four years of the filing of this litigation.

> Excluded from the proposed Subclass are Interstate; any affiliate, parent, or subsidiary of Interstate; any entity in which Interstate has a controlling interest; any officer, director, or employee of Interstate; any successor or assign of Interstate; anyone employed by counsel for Plaintiff in this action; any Judge to whom this case is assigned as well as his or her immediate family and staff; and anyone who purchased an Interstate battery for the purpose of resale.

37.     This action has been brought and may properly be maintained on behalf of the Class and Subclass proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

38.     <u>Numerosity</u>.   Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  Hundreds of thousands of Interstate batteries have been sold across the United States, while tens of thousands of Interstate batteries have been sold in California.  Class and Subclass members may be notified of the pendency of this action by means deemed necessary or appropriate by the Court.

39.     <u>Existence and predominance of common questions</u>.  The Class may be certified under Rule 23(b)(3) because common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members. These common questions include:

> a.     Whether Interstate's Warranty is clearly and conspicuously disclosed in a single document in simple and readily understood language;

> b.     Whether the terms of Interstate's Warranty require that Interstate base the prorated price of a replacement battery on its suggested retail price;

> c.     Whether Interstate breached the Warranty by calculating the prorated charge based on the "List Price" of the batteries;

> d.     Whether Interstate failed to comply with the obligations of the  Magnuson-Moss Warranty Act; and

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

e.      Whether Interstate's Warranty is a written warranty, as defined by the Magnuson-Moss Warranty Act, and if so, whether Interstate breached its obligations under a written warranty.

40.     <u>Existence and predominance of common questions regarding the Subclass</u>.  In addition to the common questions identified in the above paragraph, the Subclass may be certified under Rule 23(b)(3) because common questions of law and fact exist as to all Subclass members and predominate over any questions affecting only individual members. These common questions include:

a.      Whether Interstate violated the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, by its failure to comply with its obligations under the Warranty;

b.      Whether Interstate violated the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, by making material misstatements or by failing to disclose, or concealing, material information;

c.      Whether Interstate unfairly interferes with the rights of the members of the class to receive the benefits of the Warranty;

d.      Whether Interstate fails to adequately disclose that the price it uses to calculate the prorated charge is different from and materially higher than the suggested retail price; and

e.      Whether Interstate has engaged in unlawful, unfair, or fraudulent business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

41.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class and Subclass because, among other things, Plaintiff purchased an Interstate battery that included a Warranty with the same or substantially similar language that Interstate provided to other purchasers and Plaintiff invoked the Warranty when he purchased a replacement Interstate battery at a prorated charge.

42.     <u>Adequacy</u>.  Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the members of the Class and Subclass that he seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation,

1   and Plaintiff intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and

2   adequately protect the interests of the Class and Subclass.

3        43.    Superiority.  The class action is superior to other available means for the fair and efficient

4   adjudication of this dispute.  The injury suffered by each Class and Subclass member, while meaningful

5   on an individual basis, is not of such magnitude as to make the prosecution of individual actions against

6   Interstate economically feasible.  Even if Class and Subclass members themselves could afford such

7   individualized litigation, the court system could not.  In addition to the burden and expense of managing

8   multiple actions arising from Interstate's Warranty, individualized litigation presents a potential for

9   inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all

10  parties and the court system presented by the legal and factual issues of the case.  By contrast, the class

11  action device presents far fewer management difficulties and provides the benefits of single

12  adjudication, economy of scale, and comprehensive supervision by a single court.

13       44.    In the alternative, the Class and Subclass may be certified because:

14              a.    the prosecution of separate actions by the individual members of the Class and

15                    Subclass would create a risk of inconsistent or varying adjudication with respect

16                    to individual Class and Subclass members which would establish incompatible

17                    standards of conduct for Interstate, Rule 23(b)(1)(A);

18              b.    the prosecution of separate actions by individual Class and Subclass members

19                    would create a risk of adjudications with respect to them which would, as a

20                    practical matter, be dispositive of the interests of other Class and Subclass

21                    members not parties to the adjudications, or substantially impair or impede their

22                    ability to protect their interests, Rule 23(b)(1)(B); and

23              c.    Interstate has acted or refused to act on grounds generally applicable to the Class

24                    and Subclass, thereby making appropriate final and injunctive relief with respect

25                    to the members of the Class and Subclass as a whole, Rule 23(b)(2).

26

27

28

**FIRST CAUSE OF ACTION**

**(Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et. seq*. regarding the disclosure and content of the Warranty)**

45.     On behalf of himself and the members of the proposed Class, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

46.     To improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products, the Magnuson-Moss Warranty Act requires that any warrantor warranting a consumer product to a consumer by means of a written warranty fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty.  15 U.S.C. § 2301(a).

47.     Interstate automobile batteries are "consumer products" under 15 U.S.C. § 2301(1).

48.     Plaintiff and the other Class members are "consumers" under 15 U.S.C. § 2301(3).

49.     Interstate is a "supplier" and "warrantor" under 15 U.S.C. § 2301(4)-(5).

50.     The Warranty is a "written warranty" under 15 U.S.C. § 2301(6)(B).

51.     Interstate provides the Warranty with the sale of each Interstate automobile battery, attached hereto as Exhibits A and B.

52.     The Warranty fails to comply with the Magnuson-Moss Warranty Act's disclosure and content requirements.  Interstate calculates the prorated charge for replacement batteries using a "List Price."  The "List Price" is materially different than the batteries' actual or suggested retail price.  The Warranty fails to identify or explain "List Price."  By failing to identify or explain "List Price," Interstate fails to provide the Warranty to consumers in a single document; fails to conspicuously disclose what it considers the material terms of the Warranty; and fails to provide the Warranty in simple and readily understood language.  15 U.S.C. § 2302; 16 CFR 701.3.

53.      The Plaintiff and the Class have been damaged by Interstate's failure to provide the Warranty to consumers in a single document, failure to conspicuously disclose what it considers the material terms of the Warranty, and failure to provide the Warranty in simple and readily understood language, and therefore seek damages and other legal or equitable relief, including injunctive and declaratory relief, and an award of attorneys' fees, costs, and expenses.  15 U.S.C. § 2310(d).

54.     Pursuant to the provisions of 15 U.S.C § 2310(e), on June 25, 2010, Plaintiff sent notice letters to Interstate's place of business in Texas to provide it with a reasonable opportunity to correct its business practices.  Interstate received the notice on June 28, 2010.  Interstate has not responded to the notice letters.

## SECOND CAUSE OF ACTION

**(Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et. seq*. for failure to comply with obligations under the Warranty)**

55.     On behalf of himself and the members of the proposed Class, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

56.     Interstate provides the Warranty with the sale of each Interstate automobile battery.  The Warranty is a "written warranty" under 15 U.S.C. § 2301(6)(B).

57.     By providing the Warranty, Interstate entered into form contracts of adhesion with the members of the Class.

58.     The members of the Class did all, or substantially all, of the significant things that the Warranty required them to do.

59.     Interstate unilaterally prepared the Warranty, which is a contract of adhesion, thus:  (a) the terms of the Warranty should be based on the words communicated, not the hidden intentions of Interstate; and (b) any uncertain language in the Warranty should be construed against Interstate.  The language in the Warranty should be construed and understood in its ordinary and popular sense.

60.     The terms of the adhesion contract are ambiguous and should be construed in favor of Plaintiff and the Class, obligating Interstate to calculate the prorated charge for replacement batteries using the batteries' suggested retail price.

61.     Interstate breached the Warranty by failing to calculate the prorated charge for replacement batteries based on the suggested retail price of the batteries.

62.     Plaintiff and the Class have been damaged by Interstate's failure to comply with its obligations under the Warranty.  Plaintiffs seek damages, other legal and equitable relief, including injunctive and declaratory relief, and an award of attorneys' fees, costs, and expenses.  15 U.S.C. § 2310(d).

63.     Pursuant to the provisions of 15 U.S.C § 2310(e), on June 25, 2010, Plaintiff sent notice letters to Interstate's place of business in Texas to provide it with a reasonable opportunity to correct its business practices.  Interstate received the notice on June 28, 2010.  Interstate has not responded to the notice letters.

### THIRD CAUSE OF ACTION

**(Breach of Contract)**

64.     On behalf of himself and the members of the proposed Class, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

65.      By providing the Warranty, Interstate entered into form contracts of adhesion with the members of the Class.

66.     The members of the Class did all, or substantially all, of the significant things that the Warranty required them to do.

67.     The terms of the adhesion contract are ambiguous and should be construed in favor of Plaintiff and the Class, obligating Interstate to calculate the prorated charge for replacement batteries using the batteries' suggested retail price.

68.     Interstate breached the Warranty by failing to calculate the prorated charge for replacement batteries based on the suggested retail price of the batteries.

69.     Interstate breached the Warranty under the laws of Texas and each of the states in the United States, including the District of Columbia.

70.     The members of the Class are harmed by Interstate's breach of the Warranty and therefore seek damages and/or specific performance.

### FOURTH CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

71.      On behalf of himself and the members of the proposed Subclass, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

72.      In every contract or agreement there is an implied promise of good faith and fair dealing. This means that Interstate had an obligation not to do anything to unfairly interfere with the rights of the members of the Subclass to receive the benefits of the Warranty.

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

73.     By providing the Warranty, Interstate entered into form contracts of adhesion with the members of the California Subclass.

74.     The members of the California Subclass did all, or substantially all, of the significant things that the Warranty required them to do.

75.     Interstate unfairly interfered with the rights of the members of the Subclass to receive the benefits of the Warranty.  Interstate's interference was its commercially unreasonable use of the undisclosed "List Price" to deprive the members of the Subclass of the benefits of the Warranty.

76.     Interstate breached the implied promise of good faith and fair dealing under the laws of California.

77.      The members of the Subclass are harmed by Interstate's breach of the implied covenant of good faith and fair dealing and therefore seek damages and/or specific performance.

## FIFTH CAUSE OF ACTION

### (Violation of the California Song-Berverly Consumer Warranty Act,

### Cal. Civ. Code §§ 1790, *et. seq.*)

78.     On behalf of himself and the members of the proposed Subclass, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

79.     Interstate automobile batteries are "consumer goods" under Cal. Civil Code § 1791(a).

80.     Plaintiff and the other members of the Subclass are "buyers" or "retail buyers" under Cal. Civil Code § 1791(b).

81.     Interstate is a "distributor," "manufacturer," and/or "retail seller" under Cal. Civil Code §§ 1791(e), (j), and (l).

82.     Interstate provides the Warranty with the sale of each Interstate automobile battery.

83.     The Warranty is an "express warranty" under Cal. Civil Code § 1791.2(a)(1) because it is "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to … provide compensation if there is a failure in utility or performance."

84.     By providing the Warranty, Interstate entered into form contracts of adhesion with the members of the Subclass.

15

85.     The members of the Subclass did all, or substantially all, of the significant things that the Warranty required them to do.

86.     The terms of the adhesion contract are ambiguous and should be construed in favor of Plaintiff and the Subclass, obligating Interstate to calculate the prorated charge for replacement batteries using the batteries' suggested retail price.

87.     Interstate breached the Warranty and thereby violated the Song-Beverley Act by failing to calculate the prorated charge for replacement batteries based on the suggested retail price of the batteries.  Cal. Civil Code § 1794(a).

88.     Interstate violated the Song-Beverley Act by failing to comply with the disclosure and content standards for express written warranties under the Magnuson-Moss Warranty Act.  Cal. Civil Code § 1793.1(a).

89.     Plaintiff and the members of the Subclass have been damaged by Interstate's failure to comply with its obligations under the Warranty and for the violations of Cal. Civil Code § 1793.1(a) and therefore seek damages, other legal and equitable relief, and an award of attorneys' fees, costs, and expenses.  Cal. Civil Code § 1794(a), (c) and (d).

<u>**SIXTH CAUSE OF ACTION**</u>

**(Violation of the Consumers Legal Remedies Act,**

**Cal. Civ. Code §§ 1750, *et. seq.*)**

90.     On behalf of himself and the members of the proposed Subclass, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

91.     Interstate has engaged in unfair and deceptive business practices proscribed by California's Consumers Legal Remedies Act (CLRA), Civ. Code §§ 1750, *et seq.*

92.     Interstate is a "person" under Cal. Civ. Code § 1761(c).

93.     Plaintiff and the members of the California Subclass are "consumers" under Cal. Civ. Code § 1761(d).

94.     Interstate's batteries are "goods" under Cal. Civ. Code § 1761(a).

95.     Plaintiff and the other members of the Subclass engaged in "transactions" under Cal. Civ. Code § 1761(e), including the purchase of Interstate batteries and, following the material failure of those

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

1    batteries, the purchase of replacement batteries under the terms of the Warranty.

2        96.    Interstate's acts, policies, and practices in its sale of batteries violated Civil Code §

3    1770(a)(5), (9), (14), and (16).

4        97.    Interstate's conduct violating the CLRA includes:

5            a.    Creating a price scheme that is misleading and results in a consumer having to

6                pay a materially inflated price, usually about 20 percent more, for replacement of

7                a prorated battery;

8            b.    Failing to disclose that the benefits of the Warranty, as applied by Interstate, are

9                based on an undisclosed price that is contrary to a reasonable consumer's

10               expectations and usually about 20 percent higher than Interstate's suggested retail

11               prices;

12           c.    Representing that the consumer will receive benefits of the Warranty that they

13               will not; and

14           d.    Systematically breaching an ambiguous contract of adhesion, namely, the

15               Warranty, by failing to calculate the prorated charge for replacement batteries

16               based on the suggested retail price of the batteries.

17       98.    As a result of Interstate's practices, Plaintiff and the other members of the Subclass

18   suffered harm.

19       99.    Pursuant to the provisions of Cal. Civ. Code § 1780(a) and (e), Plaintiff seeks actual

20   damages, restitution, punitive damages, an order enjoining Interstate from the unlawful practices

21   described herein, a declaration that Interstate's conduct violates the CLRA, and attorneys' fees and costs

22   of litigation.

23       100.   Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff sent notice letters to

24   Interstate by registered mail addressed to both the place where the transaction occurred in California and

25   to Interstate's place of business in Texas to provide it with the opportunity to correct its business

26   practices.  The business where the transaction occurred in California received the notice on May 20,

27   2010, and Interstate's Texas office received the notices on May 24, 2010.  Interstate failed to remedy the

28   violations within thirty days of receipt of the notice and demand.

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

## SEVENTH CAUSE OF ACTION

**(For unlawful, unfair, and fraudulent business practices under**

**California Business and Professions Code §§ 17200 *et seq*.)**

101.    On behalf of himself and the members of the proposed Subclass, Plaintiff re-alleges as if fully set forth, each and every allegation set forth herein.

102.    Interstate's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and/or fraudulent business practices, in violation of the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, *et seq*.

103.    Interstate is a "person" as defined in § 17201.

104.    The business practices engaged in by Interstate that violate the Unfair Competition Law include:

    a.    Creating a price scheme that is misleading and results in a consumer having to pay a materially inflated price, usually about 20 percent more, for replacement of a prorated battery;

    b.    Failing to disclose that the benefits of the Warranty, as applied by Interstate, has are based upon an undisclosed price that is contrary to a reasonable consumer's expectations and usually about 20 percent higher than Interstate's suggested retail prices;

    c.    Representing that the consumer will receive benefits of the Warranty that they will not; and

    d.    Systematically breaching an ambiguous contract of adhesion, namely, the Warranty, by failing to calculate the prorated charge for replacement batteries based on the suggested retail price of the batteries.

105.    Interstate engaged in unlawful business practices by violating the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*., the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*., and the Song Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq*.

106.    Interstate engaged in unfair business practices by, among other things:

    a.    Engaging in a systematic business practice of breaching the terms of its Warranty

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

1    and denying consumers the benefits of the Warranty;

2    b.    Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or

3    substantially injurious to Plaintiff and other members of the Subclass;

4    c.    Engaging in conduct that undermines or violates the policies underlying the

5    Magnuson-Moss Warranty Act, which seeks to improve the adequacy of

6    information available to consumers, prevent deception, and improve competition

7    in the marketing of consumer products;

8    d.    Engaging in conduct that undermines or violates the policies underlying the Song

9    Beverly Consumer Warranty Act, which seek to protect consumers by requiring

10    disclosure of the terms of warranties to consumers and by ensuring that

11    consumers can enforce warranties;

12    e.    Engaging in conduct that undermines or violates the stated policies underlying the

13    CLRA, which seeks to protect consumers against unfair and deceptive business

14    practices and to promote a basic level of honesty and reliability in the

15    marketplace; and

16    f.    Engaging in conduct that causes a substantial injury to consumers, not outweighed

17    by any countervailing benefits to consumers or to competition, which the

18    consumers could not have reasonably avoided.

19    107.    Interstate engaged in fraudulent business practices by failing to disclose the actual

20    benefits provided by the Warranty and by deceptively charging consumers inflated prorated charges for

21    replacement batteries based on Interstate's "List Price."

22    108.    As a direct and proximate result of Interstate's unlawful, unfair, and fraudulent business

23    practices as alleged herein, Plaintiff and the members of the Subclass suffered injury in fact and lost

24    money or property, in that they paid an inflated prorated price for replacement batteries.  Plaintiff

25    personally paid about 20 percent more for his replacement battery.  Meanwhile, Interstate has sold more

26    batteries than it otherwise could have and charged inflated prices for batteries, unjustly enriching itself

27    thereby.

28    109.    Plaintiff and Subclass members are entitled to equitable relief including restitution of all

19

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

money improperly paid to Interstate because of its unfair, fraudulent, and deceptive practices, attorney

fees and costs under Code of Civil Procedure 1021.5, declaratory relief, and a permanent injunction

enjoining Interstate from its unfair, fraudulent, and deceitful activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the Class and Subclass,

prays for judgment as follows:

a. For an order certifying the Plaintiff Class and Subclass, appointing Plaintiff and his counsel to represent both;

b. For an order awarding Plaintiff and the members of the Class and Subclass damages and/or specific performance;

c. For an order awarding Plaintiff and the members of the Class and Subclass restitution;

d. For an order enjoining Interstate from continuing to engage in the unlawful conduct as alleged herein;

e. For an order awarding Plaintiff and the members of the Class and Subclass pre-judgment and post-judgment interest;

f. For an order awarding Plaintiff and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees, under 15 U.S.C. § 2310(d), Civil Cal. Civ. Code §1780(a) and (e), Cal. Civil Code § 1794(a) and (d), and Cal. Code Civ. Proc. § 1021.5;

g. For an order awarding declaratory relief; and

h. For an order awarding such other and further relief as this Court may deem just and proper.

//
//
//
//
//
//

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury on all claims so triable.

3

4  DATED: July 16, 2010                    Respectfully submitted,

5

6                                          **GIRARD GIBBS LLP**

7

8                                          By:    /s/ Eric H. Gibbs

9                                          Philip B. Obbard
                                           David Stein
10                                         601 California Street, Suite 1400
                                           San Francisco, California 94104
11                                         Telephone: (415) 981-4800
                                           Facsimile: (415) 981-4846
12

13                                         Attorneys for Individual and Representative
                                           Plaintiff Deno Milano
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT
CASE NO. 10-CV-2125 CW

# EXHIBIT A





# EXHIBIT B

# LIMITED WARRANTY
## IMPORTANT: KEEP THIS AND SALES RECEIPT IN GLOVE COMPARTMENT OR WALLET

Interstate Battery System of America, Inc. ("IBSA") warrants only to the original purchaser that: 1) This battery is free of defects in material and workmanship for the number of months indicated on the label; and 2) prior to installation or use, the state of charge of this battery has been maintained at a level equal to or greater than the minimum level considered necessary under industry standards for batteries to perform effectively upon their use or installation.  If adjustment is necessary due to a defect in material or workmanship, or state of charge below minimum industry standards prior to installation or use, and the battery is NOT MERELY DISHCARGED after installation or use, then upon return of the battery to an authorized dealer:

a)      Within eighteen (18) months from the date of original purchase, batteries with a total warranty of sixty-five (65) months, as well as batteries with part numbers C24-XHD, C24F-XHD, C27-XHD, C27F-XHD, C50-VHD, C65-XHD, C75DT-XHD, C78DT-XHD and group sizes 29H and 31, will be replaced free of charged (except for taxes and legislatively-imposed fees, where applicable).  Within twenty-four (24) months from the date of original purchase, batteries with a total warranty of seventy-five (75) months will be replaced free of charge (except for taxes and legislatively-imposed fees, where applicable).  Within thirty (30) months of the date of original purchase, batteries with a total warranty of eighty-five (85) months will be replaced free of charge (except for taxes and legislatively-imposed fees), where applicable).*
b)      Within twelve (12) months from the date of original purchase, all marine batteries of the following types: HD24-DP, 24M-HD, 24M-RD, 24M-XHD, 27M-XHD, SRM-24, SRM-27, SRM-27B, SRM-29, will be replaced free of charge (except for taxes and legislatively imposed fees, where applicable).
c)      Within six (6) months from the date of original purchase, all other batteries will be replaced free of charge (except for taxes and legislatively-imposed fees, where applicable).
d)      After the free replacement period described in paragraphs (a), (b), or (c) above, whichever applies, and for the remaining number of months of designated warranty period, the original purchaser may obtain a replacement battery of similar size upon payment of a prorated charge based upon the then current published cost per month of the battery multiplied by the number of full months elapsed since the date of original purchase. *

* When a passenger car battery is used in a diesel vehicle (not including passenger automobiles and diesel pickups not used in commercial service), commercial service, truck over one ton, marine service, recreational vehicle, lawn tractor, snowmobile, etc. and is defective in material or workmanship, it will be replaced free of charge (except for taxes and legislatively imposed fees, where applicable) within six (6) months from date of original purchase.  The length of the prorated warranty is one half that indicated on the battery label.  Any battery used in an electric powered vehicle, except golf carts, has a twelve (12) month prorated warranty.

FOR WARRANTY SERVICE, RETURN THE BATTERY TO THE INSTERSTATE BATTERY DEALER WHERE THE BATTERY WAS PURCHASED OR CALL THE TOLL-FREE NUMBER LOCATED ON YOUR BATTERY FOR THE NEAREST DEALER LOCATION.  ALL BATTERIES ARE DESIGNED TO MEET CERTAIN PERFORMANCE SPECIFICATIONS SUCH AS COLD CRANKING AMPS AND RESERVE CAPACITY, BUT

DUE TO VARYING USES AND OPERATION CONDITIONS, IT IS IMPOSSIBLE TO ANTICIPATE THE USEFUL LIFE OF THIS BATTERY, OR ANY OTHER BATTERY.  IF THIS BATTERY SHOULD MATERIALLY FAIL DURING THE WARRANTY PERIOD, THIS LIMITED WARRANTY SHALL CONTROL THE TERMS FOR ADJUSTMENT. IBSA'S LIABILITY IS LIMITED TO REPLACEMENT OF THE BATTERY ACCORDING TO THE TERMS STATED ABOVE.  IBSA WILL NOT BE RESPONSIBLE FOR ANY EXPENSES FOR INSTALLATION, TOWING, ELECTRICAL SYSTEM TESTS, CHARGING A BATTERY, LOSS OF TIME OR OTHER EXPENSES WHICH WOULD BE CONSIDERED AS INCIDENTIAL OR CONSEQUENTIAL DAMAGES.  THIS WARRANTY DOES NOT COVER DAMAGE TO THE BATTERY CAUSED BY ABUSE OR NEGLECT.  A FAILURE TO KEEP THE BATTERY PROPERLY CHARGED OR MAINTAINED, FIRE, COLLISION, EXPLOSION, FREEZING, THEFT, OVERCHARGING, OR DAMAGE CAUSE BY USE OF SPECIAL ADDITIVES.

# EXHIBIT C

# Limited Warranty

Interstate Batteries SLI Warranty | All Battery Center Store Warranty

## Interstate Batteries SLI Warranty

Interstate Battery System of America, Inc. ("IBSA") warrants only to the original purchaser that: 1) this battery is free of defects in material and workmanship for the number of months indicated on the label, and 2) prior to installation or use, the state of charge of this battery has been maintained at a level equal to or greater than the minimum level considered necessary under industry standards for batteries to perform effectively upon their use or installation. If adjustment is necessary due to a defect in material or workmanship, or state of charge below minimum industry standards prior to installation or use, and the battery is NOT MERELY DISCHARGED after installation or use, then upon return of the battery to an authorized dealer:

Within eighteen (18) months from the date of original purchase, batteries with a total warranty of 65 months, as well as batteries with part numbers: C24-XHD, C24F-XHD, C27-XHD, C27F-XHD, C50-VHD, C78DT-XHD and group sizes 29H and 31, will be replaced free of charge (except for taxes and legislatively-imposed fees, where applicable). Within 24 months from the date of original purchase, batteries with a total warranty of 75 months will be replaced free of charge (except for taxes and legislatively-imposed fees, where applicable). Within 30 months of the date of original purchase, batteries with a total warranty of 85 months will be replaced free of charge (except for taxes and legislatively-imposed fees, where applicable).* Within twelve (12) months from the date of original purchase, all marine batteries of the following types: HD24-DP, 24M-HD, 24M-RD, 24M-XHD, SRM-24, 27M-XHD, SRM-27, SRM-27B, SRM-29, will be replaced free of charge (except for taxes and legislatively imposed fees, where applicable). Within six (6) months from the date of original purchase, all other batteries will be replaced free of charge (except for taxes and legislatively imposed fees, where applicable). After the free replacement period and for the remaining number of months of designated warranty period, the original purchaser may obtain a replacement battery of similar size upon payment of a prorated charge based upon the then current published cost per month which is based on the then published List Price of the battery multiplied by the number of full months elapsed since the date of original purchase.

When a passenger car battery is used in a diesel vehicle (not including passenger automobiles and diesel pickups not used in commercial service), commercial service, truck over one ton, marine service, recreational vehicle, lawn tractor, snowmobile, etc., and is defective in material or workmanship, it will be replaced free of charge (except for taxes and legislatively imposed fees, where applicable) within six (6) months from date of original purchase. The length of the prorated warranty is one half that indicated on the battery label. Any battery used in electric powered vehicle, except golf carts, has a twelve month prorated warranty.

FOR WARRANTY SERVICE, RETURN THE BATTERY TO THE INTERSTATE BATTERY DEALER WHERE THE BATTERY WAS PURCHASED OR CALL THE TOLL FREE NUMBER LOCATED ON YOUR BATTERY FOR THE NEAREST DEALER LOCATION.

ALL BATTERIES ARE DESIGNED TO MEET CERTAIN PERFORMANCE
SPECIFICATIONS, SUCH AS COLD CRANKING AMPS AND RESERVE CAPACITY, BUT
DUE TO VARYING USES AND OPERATING CONDITIONS, IT IS IMPOSSIBLE TO
ANTICIPATE THE USEFUL LIFE OF THIS BATTERY, OR ANY OTHER BATTERY. IF
THIS BATTERY SHOULD MATERIALLY FAIL DURING THE WARRANTY PERIOD,
THIS LIMITED WARRANTY SHALL CONTROL THE TERMS FOR ADJUSTMENT. .
**IBSA'S LIABILITY IS LIMITED TO REPLACEMENT OF THE BATTERY
ACCORDING TO THE TERMS STATED ABOVE. IBSA WILL NOT BE
RESPONSIBLE FOR ANY EXPENSES FOR INSTALLATION, TOWING,
ELECTRICAL SYSTEM TESTS, CHARGING A BATTERY, LOSS OF TIME, OR
OTHER EXPENSES WHICH WOULD BE CONSIDERED AS INCIDENTAL OR
CONSEQUENTIAL DAMAGES. THIS WARRANTY DOES NOT COVER DAMAGE
TO THE BATTERY CAUSED BY ABUSE OR NEGLECT, A FAILURE TO KEEP THE
BATTERY PROPERLY CHARGED OR MAINTAINED, FIRE, COLLISION,
EXPLOSION, FREEZING, THEFT, OVERCHARGING, OR DAMAGE CAUSED BY
USE OF SPECIAL ADDITIVES.**

**This warranty shall be IN LIEU OF any other warranty, express or implied, including but
not limited to, any implied warranty of MERCHANTABILITY or fitness for a particular
purpose.**

**NOTE: SOME STATES DO NOT ALLOW LIMITATIONS ON HOW LONG AN
IMPLIED WARRANTY LASTS, OR THE EXCLUSION OR LIMITATION OF
INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATIONS
MAY NOT APPLY TO YOU. THIS WARRANTY GIVES YOU SPECIFIC LEGAL
RIGHTS, AND YOU MAY HAVE OTHER LEGAL RIGHTS, WHICH MAY VARY BY
STATE. IMPORTANT: KEEP THIS AND SALES RECEIPT IN GLOVE
COMPARTMENT OR WALLET.**

## All Battery Center Store Warranty

WARRANTY EXCLUSIONS – LIMITATION OF REMEDIES
THE WARRANTIES CONTAINED HEREIN ARE IN LIEU OF ALL OTHER WARRANTIES
AND REMEDIES WITH RESPECT TO THE PRODUCTS SOLD BY SELLER, AND THERE
ARE NO OTHER WARRANTIES, WHETHER EXPRESS, IMPLIED OR OTHERWISE,
INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR
A PARTICULAR PURPOSE. NO OTHER REMEDY (INCLUDING, BUT NOT LIMITED
TO, THE RECOVERY OF PUNITIVE DAMAGES, CONSEQUENTIAL OR INCIDENTAL
DAMAGES, SUCH AS THE COST OF INSTALLATION, TOWING CHARGES OR ANY
LABOR) SHALL BE AVAILABLE TO PURCHASER, SUCH DAMAGES BEING
EXPRESSLY EXCLUDED HEREBY.

LIMITED WARRANTY AND REMEDY OF REPLACEMENT

Seller warrants solely as to the original end user that its rechargeable batteries, excluding starting, lighting and ignition (SLI) and specialty deep-cycle products, will be free of defects in material and workmanship for one (1) year from date of installation or 18 months from date of manufacture, whichever is less, and if the battery is determined to be defective due to material or workmanship, it will be replaced F.O.B. origin of original sale without charge.

Seller warrants solely as to the original end user that its non-rechargeable batteries and accessories will be free of defects in material or workmanship for 90 days from date of purchase, and if the battery or accessory is determined to be defective due to the material or workmanship, it will be replaced F.O.B. origin of original sale without charge.

Seller warrants solely as to the original end user that its starting, lighting and ignition (SLI) and specialty deep-cycle products will be free of defects in material and workmanship for 18 months from date of sale, with the exception of ordinary marine starting 12V, deep cycle, and garden tractor batteries, all which have a 12-month free replacement period; motorcycle batteries which have a 6-month free replacement; and golf cart and floor scrubber batteries which have a 3-month free replacement period. All periods described in the preceding sentence shall be based upon the date of sale of the product. If a battery is determined to be defective due to the material or workmanship during the applicable free-replacement period, it will be replaced F.O.B. origin of the original sales without charge.

The SOLE AND EXCLUSIVE REMEDY of any purchaser with respect to any injury, loss, damage or expense suffered or incurred with respect to any defective battery or accessory shall be replacement of that product without charge during the applicable limited warranty period. The SOLE PURPOSE of this exclusive remedy shall be to provide the buyer with free replacement of defective products in the manner provided herein.  This exclusive remedy shall not be deemed to have failed of its essential purpose as long as the Seller replaces the defective products within a reasonable period of time after having been notified by purchaser of a warranty claim. Seller is exempt from any warrant claim where any battery has been subject to misuse, abuse, alteration or where any battery has been repaired or attempted to have been repaired.

ADDITIONAL PRO-RATED LIMITED WARRANTY FOR STARTING, LIGHTING AND IGNITION (SLI) AND SPECIALITY DEEP CYCLE BATTERIES

Following the free replacement period of identified above, Seller further warrants solely as to the original and use of SLI and specialty deep cycle batteries a "service life" of 12 to 96 months from the date of installation (the applicable period being found on the top placard or label of the battery made the subject of the warranty claim). "Service life" is defined as the battery's ability to deliver at least 60% of its original rated capacity after the date of installation. If a SLI or specialty deep-cycle battery fails during the applicable service life period, a prorated warranty will apply such that the original end user will receive a pro-rated credit against the purchase price of the replacement battery based upon the published pro-rata warranty schedule. Please call 1-800-284-9754 for details in obtaining this additional pro-rated warranty.

CONDITIONS OF SALE
All amounts are due and payable at the Seller's address. Customer agrees that jurisdiction and

Warranty Information | Interstate Batteries System of America Inc.          http://corporate.interstatebatteries.com/warranty/

venue for any action to collect amounts that may be owed pursuant to this invoice shall be the county in which the Seller's principal office is located. All collection costs, including attorney's fees, shall be paid by the customer.

© 2009 Interstate Battery System of America, Inc. 12/08 PN71659 CS