Eric H. Gibbs (State Bar No. 178658)
David Stein (State Bar No. 257465)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO, | Case No. 10-CV-2125-CW |
| Plaintiff, | |
| vs. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |
| INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC., | |
| Defendants. | |

The parties to this litigation have entered into a Class Action Settlement Agreement, as of October 26, 2011 ("Settlement Agreement"), which if approved, would fully resolve this action. Plaintiff filed a motion for preliminary approval of the Settlement Agreement, and Defendants (collectively, "Interstate Batteries") filed a separate brief asking the Court to grant preliminary approval and to order the relief requested in Plaintiff's motion. Where not otherwise defined, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement. The Court has read and considered the motion papers and the Settlement Agreement and all exhibits thereto, including the proposed class notice, and finds there is sufficient basis to (1) preliminarily approve the Settlement Agreement and the accompanying exhibits, (2) certify a conditional Settlement Class under Federal Rule of Civil Procedure 23(b)(2) composed of the Settlement Class Members, (3) appoint named Plaintiff Deno Milano as Class Representative and his counsel as Class Counsel for the

Settlement Class, (4) approve the parties' proposed Long- and Short-Form Settlement Notices to the Settlement Class, and the CAFA Notice to governmental officials, in forms substantially similar to those attached as exhibits to the Settlement Agreement, (5) appoint Jennifer Keough and the Garden City Group as the Settlement Administrator, and (6) set a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> All persons who were the original purchaser of an Interstate Batteries trademarked battery (meaning the Interstate Batteries, Nationwide, Power Volt, and Quickstart brands), which was covered by an Interstate Batteries' pro-rata warranty and was purchased from an Interstate Batteries authorized dealer (but not from an All Battery Center Store), in the United States or the District of Columbia, and who later presented that original battery, during the applicable pro-rata-warranty-coverage period, to an Interstate Batteries authorized warranty dealer for a pro-rata-warranty adjustment on the price of a Replacement Battery, and who then purchased that Replacement Battery from that dealer at an adjusted price on a date from May 19, 2006, through November 17, 2011.
>
> Excluded from the class definition are Interstate Battery System of America, Inc., and Interstate Battery System International, Inc.; affiliates, parents, or subsidiaries of Settling Defendants; entities in which Settling Defendants have a controlling interest; predecessors, successors, or assigns of Settling Defendants; any judges who preside over this Litigation before Final Judgment, their spouses, the members of their staffs, and anyone within the third degree of relationship from the judges or their spouses, as well as those persons' spouses; and persons employed by Class Counsel.

2. The Court appoints Plaintiff Deno Milano to serve as Class Representative.

3. The Court appoints Girard Gibbs LLP to serve as Class Counsel.

4. The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met.  Joinder of all members of the Settlement Class in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members; in particular, each Settlement Class Member's claims depend on whether the method Interstate Batteries uses to calculate pro-rata warranty discounts

is either (i) contrary to Interstate Batteries' standard warranty contract, or (ii) misleading to a reasonable consumer.  Plaintiff's claims are typical of those of the Settlement Class, as Plaintiff and Settlement Class Members have the same alleged injury, which arises from Interstate Batteries' common policies and practices with regard to its pro-rata warranty.  Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class; Plaintiff has no interests antagonistic to those of the Settlement Class and has retained counsel experienced and competent to prosecute this matter on behalf of the Settlement Class.  Finally, the Settlement Class may be certified under Rule 23(b)(2), as Interstate Batteries has acted on grounds that apply generally to the Settlement Class, such that the final injunctive relief proposed by the Settlement Agreement is appropriate respecting the Settlement Class as a whole.

5. The Court preliminarily approves the proposed Settlement Agreement, finding that it appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Named Plaintiff or segments of the Settlement Class; and falls within the range of possible approval.

**Dissemination of Class Notice**

6. The Court hereby approves the form, content and procedure for disseminating notice of the proposed settlement to the Settlement Class set forth in the Settlement Agreement, finding that it is appropriate under Federal Rule of Civil Procedure 23(c)(2)(A).  The Court finds that the Notice Plan proposed by the parties, which was prepared with the assistance of Jennifer Keough of the Garden City Group, is reasonably calculated to apprise interested parties of the proposed settlement and afford them an opportunity to present any objections.  The Court also finds that the Notice Plan satisfies the requirements of Federal Rule of Civil Procedure 23(e)(1).

7. The Court appoints Jennifer Keough and Garden City Group Inc. as the Settlement Administrator, who along with the parties, will be responsible for implementing the Notice Plan, as follows:

8. CAFA Notice:  If it has not already done so, the Settlement Administrator shall serve notice of the settlement, substantially in the form attached as Exhibit A to the Settlement Agreement,

1  on the federal and state officials specified in 28 U.S.C. § 1715, not later than 10 days after the entry of
2  this Order.

3      9.    <u>Class Settlement Website</u>:  Within 15 days after entry of this Order, the Settlement
4  Administrator shall activate a Class Settlement Website, which shall contain the information specified
5  in the Settlement Agreement, including information about the proposed settlement, pertinent court
6  documents, instructions for participating in the Interstate Batteries Settlement Program, and procedural
7  information regarding the status of court approval.  The documents available on the Class Settlement
8  Website shall include a Long-Form Settlement Notice, substantially in the form attached to the
9  Settlement Agreement as Exhibit B.   The Settlement Administrator shall maintain the Class Settlement
10 Website at least until either (i) December 31, 2012, or (ii) the date on which the settlement is
11 terminated or otherwise not approved.

12     10.    <u>Sponsored Hyperlinks</u>:  After activating the Settlement Website, the Settlement
13 Administrator shall take steps to attract Settlement Class Members to the Class Settlement Website by
14 obtaining keyword/phrase sponsorships—such as "Interstate prorated," "Interstate warranty discount,"
15 and/or "Interstate Settlement"—from Google and Yahoo!.  This keyword/phrase sponsorship shall
16 provide a hyperlink to the Class Settlement Website and shall run from between 4 and 6 weeks, at a
17 period between the activation of the Class Settlement Website and January 6, 2012.

18     11.    <u>Interstate Batteries' Website</u>:  Defendants shall post on www.interstatebatteries.com a
19 hyperlink to the Class Settlement Website as specified in the Settlement Agreement, which hyperlink
20 shall remain active until (i) December 31, 2012, or (ii) the date on which the settlement is terminated or
21 otherwise not approved.

22     12.    <u>Publishing Summary Notice</u>:  Within 30 days of entry of this Order, the Settlement
23 Administrator shall cause Summary Notice substantially in the form attached to the Settlement
24 Agreement as Exhibit C to be published one time in a 1/6 page unit size in *USA Today* on either a
25 Monday, Tuesday, Wednesday, or Thursday.

26     13.    <u>Print and Radio Media</u>:  Within 30 days of entry of this Order, the Settlement
27 Administrator or Defendants shall disseminate press and audio news releases announcing the settlement
28

and referencing the Class Settlement Website to print and radio media in the United States and the District of Columbia, as set forth in the Settlement Agreement.

14. <u>Handout to Authorized Dealers</u>:  Within 60 days of entry of this Order, Defendants shall post an 8½ by 11 inch handout, substantially in the form attached as Exhibit D to the Settlement Agreement, with accompanying instructions, in its electronic Memo Binder and request its distributors to print the handout and have the distributors' route men and women deliver the handouts to Interstate Batteries authorized warranty dealers (in the United States and the District of Columbia) within the distributors' territories.  Defendants shall have the right to make periodic, non-material modifications and changes to the handout, subject to approval by Class Counsel, which shall not be unreasonably withheld.

15. The instructions with the handout shall request Interstate Batteries authorized warranty dealers to have the handout available in their stores until at least December 31, 2012, and to provide the handouts to anyone who asks about the Interstate Batteries class action settlement, expresses concern about their pro-rata warranty, or returns a failed original battery and wants to obtain a new replacement battery under Interstate Batteries' pro-rata warranty.

16. <u>Direct Notice</u>:  Within 45 days of entry of this Order, Defendants shall attempt to provide the Long-Form Settlement Notice to each customer who has complained to Defendants about Interstate Batteries' pro-rata warranty, in order to inform those customers about this proposed settlement.  Defendants shall attempt to contact these customers either by telephone or by mailing or e-mailing a copy of the Long-Form Settlement Notice to the customer.  Defendants need only attempt to contact those customers whose complaints are known to Interstate Batteries' Customer Service Department, and when Interstate Batteries still has contact information for those customers.

17. <u>Cost of Notice</u>:  As set forth in the Settlement Agreement, Defendants shall be responsible for the costs of all components of the Notice Plan.  The Named Plaintiff, Class Counsel, and the Settlement Class Members are not responsible for any portion of the costs of the Notice Plan.

**Fairness Hearing and Fee Application**

18. A hearing on entry of final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and a service award to the Named Plaintiff (the "Fairness Hearing") shall be

1  held at 2 p.m. on Thursday, March 8, 2012, in Courtroom 2, Oakland Courthouse, United States
2  District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612.  At
3  the Fairness Hearing, the Court will consider: (i) whether the settlement should be approved as fair,
4  reasonable, and adequate for the Settlement Class; (ii) whether a judgment granting final approval of
5  the proposed settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether
6  Plaintiff's application for an award of attorneys' fees and expenses to Class Counsel and a service
7  award to the Named Plaintiff ("Fee Application") should be granted.

8   19. Counsel for the respective parties shall file memoranda, declarations, or other statements
9  and materials in support of the request for final approval of the parties' settlement no later than January
10 13, 2012.

11   20. Class Counsel shall file its Fee Application no later than December 23, 2011.

12   21. To validly object to the Settlement Agreement or the Fee Application, an objecting
13 Settlement Class Member must provide the following information in his or her written objection:  (i)
14 the objecting Settlement Class Member's name, address, telephone number, and signature; (ii) each of
15 the Settlement Class Member's specific objections to the Settlement Agreement and/or the Fee
16 Application; (iii) the reasons for each such objection; and (iv) a list of any other class action settlements
17 that the Settlement Class Member has objected to during the past five years.  Any objection to the
18 Settlement Agreement and/or the Fee Application must be postmarked no later than January 27, 2012,
19 and mailed to the Settlement Administrator at the following address: Milano v. Interstate Battery
20 System of America c/o GCG, Inc. P.O. Box 9782, Dublin, OH 43017-5682.  The Settlement
21 Administrator shall provide a copy of each objection to Class Counsel and counsel for Defendants.

22   22. The filing of an objection allows Class Counsel or counsel for Defendants to notice the
23 deposition of the objector at an agreed-upon location, and also to seek any documentary evidence or
24 other tangible things that are relevant to the objection.  Failure by an objecting Settlement Class
25 Member to make himself or herself available for a deposition or to comply with expedited discovery
26 requests may result in the Court striking the Settlement Class Member's objection and otherwise
27 denying that Settlement Class Member the opportunity to make an objection or be further heard.  The
28 Court reserves the right to tax the costs of any such discovery to the objecting Settlement Class

Member or the objecting Settlement Class Member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

23. If any objecting Settlement Class Member wants to appear, in person or by counsel, at the Fairness Hearing to object to the Final Approval of the Settlement Agreement or the Fee Application, such objector must file a Notice of Intention to Appear. The Notice of Intention to Appear must include the Settlement Class Member's name, address, telephone number, signature, and a statement of all issues the Settlement Class Member wishes to address at the hearing, and whether the Settlement Class member or his or her attorney wants to speak at the hearing. Any Notice of Intention to Appear must be must be postmarked no later than January 27, 2012, and mailed to the Settlement Administrator at the following address: Milano v. Interstate Battery System of America c/o GCG, Inc. P.O. Box 9782, Dublin, OH 43017-5682. The Settlement Administrator shall provide a copy of each Notice of Intention to Appear to Class Counsel and counsel for Defendants.

24. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

25. No later than February 14, 2012, the parties shall file any reply papers in support of final approval of the Settlement Agreement or the Fee Application and in response to any objections from Settlement Class Members.

26. The Court reserves the right to adjourn or continue the date of the Fairness Hearing and related prior deadlines set forth above. In that event, the revised hearing date or deadlines shall be posted on the Class Settlement Website and the parties shall not be required to re-send or re-publish class notice.

27. Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

28. The parties shall change the dates contained in the Long- and Short-Form Settlement Notices and Summary Notice to conform with the dates contained in this Order.

29. The parties shall make the following changes to the Long-Form Settlement Notice:

    a. In section 17 ("How do I tell the Court that I don't like the Settlement?"), change the sentence that begins, "Mail the objection to these three different places. . ." to "Mail the objection to the Settlement Administrator at the following address, postmarked no later than January 27, 2012: Milano v. Interstate Battery System of America, c/o GCG, Inc., P.O. Box 9782, Dublin, OH 43017-5682."

    b. In section 18 ("When and where will the Court decide whether to approve the settlement?"), insert a sentence directing people who want to find out if the date of the Fairness Hearing has changed to visit the Class Settlement Website.

    c. In section 20 ("May I speak at the hearing?"), change "and be sent to the Settlement Administrator, Class Counsel, and Defense Counsel, at the three addresses above in section 17" to "and be sent to the Settlement Administrator at the address above in section 17."

30. The parties shall make the following change to the Summary Notice:

    a. In the section titled, "Fairness Hearing," insert a sentence directing people who want to find out if the date of the Fairness Hearing has changed to visit the Class Settlement Website.

IT IS SO ORDERED.

Dated: 12/1/2011

CLAUDIA WILKEN
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28