JONES DAY
ROBERT A. MITTELSTAEDT, SBN 60359
ramittelstaedt@jonesday.com
CRAIG E. STEWART, SBN 129530
cestewart@jonesday.com
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

JONES DAY
JEROME R. DOAK, admitted *pro hac vice*
jrdoak@jonesday.com
2727 North Harwood St.
Dallas, TX 75201-1515
Telephone: (214) 969-2977
Facsimile: (214) 969-5100

Attorneys for Defendants
INTERSTATE BATTERY SYSTEM OF AMERICA, INC.
INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.,<br><br>　　　　　Defendants. | Case No. 10-CV-2125-CW<br><br>**SEPARATE MEMORANDUM OF DEFENDANTS IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date: June 28, 2012<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken |

1    The Court scheduled a hearing on June 28, 2012, at 2:00 p.m. to consider whether the Amended

2    Class Action Settlement Agreement should be finally approved.

3    Settling Defendants file this memorandum to present additional key points justifying final

4    approval of this Amended Settlement.  While Settling Defendants do not join in Named Plaintiff's

5    Motion for Final Approval of Class Settlement, they do agree that (1) the Court should finally certify,

6    for settlement purposes only, the Settlement Class under Federal Rule of Civil Procedure 23(b)(2);

7    (2) the Notice Plan is reasonable and appropriate under the circumstances; and (3) the settlement is fair,

8    reasonable, and adequate, and thus should be granted final approval.[1]

9    **I.      The Settlement Is Fair, Reasonable, and Adequate**

10         **A.      This Rule 23(b)(2) Class Settlement Is Appropriate, Given That the Lack of**

11                    **Contact Information for Settlement Class Members Prevents Individual Notice.**

12    Interstate Batteries trademarked batteries are sold primarily by Interstate Batteries' network of

13    over 200,000 *independent* dealers.  Because of this business structure, Interstate Batteries does not have

14    records of individual sales made to consumers or any other way to identify class members.

15    Accordingly, there would be no way to send, by mail or email, individual notice to any Rule 23(b)(3)

16    class.  Moreover, published notice for a nationwide Rule 23(b)(3) class would be prohibitively

17    expensive, given the relatively small amount at stake in this Litigation.  For these reasons, a Rule

18    23(b)(2) settlement, which does not release claims for monetary damages, is the only way to resolve

19    this Litigation on a class-wide basis.

20         **B.      Although Damages Claims Could Never Be Determined in a Litigated Class**

21                    **Action, the Proposed Settlement Affords Class Members Monetary Relief If They**

22                    **So Choose.**

23    Even if the obstacles to certification of and notice to a Rule 23(b)(3) class could somehow be

24    overcome—which they could not—only those Interstate Batteries customers who kept their receipts

25    could prove they were class members, much less any entitlement to monetary damages.  This is because

26

27    [1] If any objections are made to the proposed settlement, Settling Defendants will address them in
     separate briefing before the June 7, 2012 deadline for filing such briefs.  Where not otherwise defined,

28    all capitalized terms in this memorandum have the same meaning as in the Amended Settlement
     Agreement.

1  each individual would have to show, among other things, (1) that she purchased a battery with a pro-

2  rata warranty; (2) that the pro-rata warranty was a basis of the bargain in the original battery purchase;

3  (3) that she presented a defective battery to an Interstate Batteries warranty dealer within the applicable

4  pro-rata warranty period; (4) the amount she was charged under the pro-rata warranty for the

5  Replacement Battery; and (5) the amount she should have been charged for that Replacement Battery,

6  in a particular location on a particular date.

7       This showing cannot be made from defendants' records.  And any attempted class trial by

8  formula, extrapolations, or estimates would run afoul of *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct.

9  2541, 2561 (2011).  *Id.* (disapproving of "Trial by Formula" and stating that "a class cannot be certified

10 on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims").

11 And, as Class Counsel has previously stated, even if damages somehow could be shown and

12 (improperly) awarded on a class basis, there would be no way to identify class members to distribute

13 any monetary damages award.  (*See* Dkt. No. 52 at 10.)

14      By contrast, the Interstate Batteries Settlement Program in the Amended Settlement Agreement

15 provides a simplified procedure by which Settlement Class Members can file a claim and obtain a

16 monetary benefit if they choose to do so—while Settlement Class Members who do not so choose will

17 retain their ability to pursue monetary damages.

18      **C.      Named Plaintiff Faced Significant Obstacles to Recovery in Contested Litigation**

19      **Based on Interstate Batteries' Use of List Price in Its Pro-Rata Warranty.**

20      Interstate Batteries' Website made clear that any pro-rata warranty calculation would be based

21 on "List Price."  Contrary to the allegations in Named Plaintiff's First Amended Complaint, List Price

22 is not an artificial price used only to calculate the prorated price under the Previous Interstate Batteries'

23 Pro-Rata Warranty.  Instead, "List Price" is a recognized term in the battery industry.  Indeed, Interstate

24 Batteries has published both its List Price and its Suggested Retail Price for more than a decade.

25 Because Interstate Batteries' independent dealers make their own pricing decisions, Interstate Batteries

26 uses the two prices to propose a range of suggested prices to independent dealers.  Each independent

27 dealer decides, on its own, what precise price to charge for a particular battery, after weighing its own

28 market considerations, such as a store's location and the amount and type of services provided at a

given location.  A particular dealer may decide to sell a particular battery, at a particular time, at or above List Price, or at or below Suggested Retail Price.

List Price is a well-recognized concept and not some artifice contrived for the purpose of the pro-rata warranty.  Accordingly, Settling Defendants had good grounds for contesting liability and fully expected to defeat Named Plaintiff's claims that Interstate Batteries' warranty was misleading.  Notwithstanding Interstate Batteries' belief in the strength of its defenses to liability, Interstate Batteries agreed in the Amended Settlement Agreement to change its warranty practices, providing the Settlement Class with benefits that could not have been obtained in litigation.  These changed practices are described in the next section.

**D.      The Proposed Settlement Provides the Settlement Class with Multiple Benefits.**

First, the settlement will provide Injunctive Relief to the class—as is typical for a Rule 23(b)(2) class action settlement.  Starting on May 1, 2012, Interstate Batteries began implementing the new and improved warranty practices agreed to in the Injunctive Relief.  Interstate Batteries' new warranty is clearly written, more easily understood by customers, contains all legally required terms, is delivered to customers at the time of sale, and is uniform everywhere it is posted.  The new warranty also addresses and resolves every alleged problem identified in Named Plaintiff's First Amended Complaint.

Interstate Batteries' new warranty provides customers with an initial free-replacement period, followed by an additional discount period (on certain battery models), during which the customer could purchase a replacement battery at a discounted price.  This discount feature clearly states how it will be calculated, based on Interstate Batteries' then-current "Suggested Retail Price" for the replacement battery, and not on the "List Price."  Moreover, the new warranty does not depend on a lengthy pro-rata calculation, but instead provides customers with a percentage discount (such as 45% or 25%) on the purchase price of a replacement battery, depending on how many years they owned their original battery.  Consumers will immediately understand a percentage-off discount.

In addition to these benefits provided by the Injunctive Relief, the settlement process also led to careful reexamination of Interstate Batteries' warranty and other business operations.  From late 2010 and through 2011, Interstate Batteries conducted a broad reexamination and critique of every aspect of its warranty practices, including issues relating to delivery, packaging, labeling, advertising, automated

3

1   recordings, web postings, point-of-sale communications, and dealer and distributor relations, as well as

2   examination of the applicable state and federal statutes and case law.  This reexamination extended

3   over a year through numerous meetings and included participation by senior and mid-level executives,

4   the General Counsel's office, and outside counsel.  In sum, as a result of settlement negotiations,

5   Interstate Batteries made a comprehensive reevaluation of its warranty practices and has adopted

6   several new, improved practices going forward.

7         Second, in addition to the traditional components and injunctive benefits of a Rule 23(b)(2)

8   settlement, this proposed settlement includes a very untraditional benefit, rarely found in a Rule

9   23(b)(2) settlement.  The settlement requires Interstate Batteries to create and operate a two-tier claims

10  program that a Settlement Class Member may elect to participate in.  But unlike a similar claims

11  program in a Rule 23(b)(3) class settlement, where class members have already given a release of all

12  equitable and monetary claims—regardless of whether they participate in the claims program—here the

13  Rule 23(b)(2) Settlement Class Members will have preserved their monetary claims.  Only if a

14  Settlement Class Member elects to participate in—or opt in—the claims program *and* receives a

15  product voucher or check card, will that Settlement Class Member release his monetary claims.

16       **E.**    **The Amended Settlement Agreement Provides Resolution and Access to**

17                **Settlement Benefits for More Interstate Batteries Customers.**

18        The Original Settlement Agreement provided a negotiated resolution only for those Interstate

19  Batteries customers who had already purchased a Replacement Battery under the terms of their

20  Previous Interstate Batteries' Pro-Rata Warranty—a group now referred to as Replacement-Battery-

21  Purchaser Class Members under the Amended Settlement Agreement.  The Original Settlement

22  Agreement did not address the much larger group of customers who are holding an unexpired pro-rata

23  warranty, but who have not yet purchased a Replacement Battery.  Under the Amended Settlement

24  Agreement, both groups will be able to take advantage of the benefits of this settlement.

25        Because Interstate Batteries historically has a very low failure rate for its batteries during the

26  pro-rata-warranty periods, well over 90% of Unexpired-Warranty-Holder Class Members will never

27  need to buy a Replacement Battery.  Nonetheless, all Unexpired-Warranty-Holder Class Members are

28  currently facing the core issue in this Litigation:  if their existing original battery does fail during their

4

1    pro-rata-warranty-coverage period and they decide to buy a Replacement Battery at an adjusted price

2    under their Previous Interstate Batteries' Pro-Rata Warranty, how will that adjusted price be

3    determined?  The Interstate Batteries Settlement Program, which will now continue through 2020,

4    provides a resolution to this issue.  For Settlement Class Members who do have a battery failure, the

5    settlement program provides a very easy, streamlined resolution.  If and when Unexpired-Warranty-

6    Holder Class Members buy a Replacement Battery under the Previous Interstate Batteries' Pro-Rata

7    Warranty, they can all choose to obtain relief in the form of a $5 product voucher *without* a receipt, or a

8    $8.50 check card or $12 product voucher *with* a receipt.

9         **F.    The Amended Settlement Agreement Provides Carefully Tailored Releases.**

10        The releases in the Amended Settlement Agreement are carefully tailored to correspond to the

11   benefits received by Settlement Class Members.  These releases generally fall into three categories:

12        **1.**    Replacement-Battery-Purchaser Class Members (who have already purchased a

13              Replacement Battery at an adjusted price) will release only the equitable claims that

14              either were asserted or could have been asserted in the Litigation.  Replacement Battery

15              Purchasers specifically reserve their right to file an individual lawsuit against any

16              Released Party seeking monetary damages.  (Am. Settlement Agreement, Dkt. No. 77 at

17              45-48.)

18        **2.**    Unexpired-Warranty-Holder Class Members (who hold unexpired pro-rata warranty

19              rights but have not purchased a Replacement Battery) will give a more narrow release.

20              They will release only those equitable claims *that relate to how the adjusted price of a*

21              *Replacement Battery should be calculated*.  (Am. Settlement Agreement, Dkt. No. 77 at

22              48-50.)  They will not waive any other equitable claims, any monetary claims, or their

23              right to use the class-action device a second time.

24        **3.**    If any eligible Settlement Class Member voluntarily chooses to participate in the

25              Interstate Batteries Settlement Program and receives compensation for her claim, she will

26              release all claims, whether styled as legal, equitable, monetary, or otherwise.  (Am.

27              Settlement Agreement, Dkt. No. 77 at 52.)

28

In exchange for that full release, eligible Settlement Class Members who choose to participate in the settlement program will receive benefits that are more favorable than anything they could have received from the litigation process.  Even a claimant who has no documentation (and who cannot show the type of original battery purchased, his purchase dates for the original and Replacement Batteries, the amount he paid for the Replacement Battery, and the amount that allegedly should have been paid for the Replacement Battery) can complete a simple, online claim form and receive a $5 product voucher.  This product voucher can be used on thousands of Interstate Batteries products.

Settlement Class Members who can document their purchase of a Replacement Battery will receive their choice of a check card for $8.50 or a product voucher for $12.

## II.    The Notice Plan Is Reasonable and Appropriate

### A.    Notices Under the Original Settlement Agreement.

After the Court's Preliminary Approval of the Original Settlement Agreement on December 1, 2011, (Dkt. No. 62), Interstate Batteries and Garden City Group completed a significant portion of the original Notice Plan in November 2011 through March 2012.  As explained in Jennifer Keough's declaration, filed with the Court this date, under the Original Notice Plan, Garden City Group (1) mailed CAFA Notice to the appropriate Federal and State governmental officials; (2) activated and maintained the Class Settlement Website; (3) secured internet keywords and phrase sponsorships; (4) published summary notice in *USA Today*; (5) published an online banner advertisement in *Car and Driver—Digital*; (6) disseminated print press releases; and (7) disseminated audio press releases.

### B.    New Notice under the Amended Settlement Agreement.

After the Court preliminarily approved the Amended Settlement Agreement on March 8, 2012, (Dkt. No. 75), Garden City Group (1) maintained and updated the existing Class Settlement Website; (2) mailed the New CAFA Notice to the appropriate Federal and State governmental officials; (3) secured additional internet keywords and phrase sponsorships; (4) disseminated amended print press releases; (5) disseminated amended audio press releases; (6) mailed or emailed the New Long-Form Settlement Notice to customers who previously complained to Interstate Batteries about the pro-rata

warranty; and (7) mailed or emailed the New Long-Form Settlement Notice to Settlement Class Members who filed a claim under the Interstate Batteries Settlement Program.

### C. Website Notices.

Since December 2, 2011, Interstate Batteries has posted a hyperlink on the landing page of its Website that directs people to the Class Settlement Website.  On the home page of Interstate Batteries' Website, the hyperlinked phrase "Class Action Settlement" appears under the heading "About Batteries."  Consumers who click on the phrase "Class Action Settlement" are automatically transferred to a separate page that notifies consumers that Interstate Batteries has entered into a class action settlement regarding the implementation of its pro-rata warranty on certain Interstate Batteries trademarked batteries and that information about the settlement can be found on the Class Settlement Website.  That separate page also includes a hyperlink to the landing page of the Garden City Group-hosted Class Settlement Website.  Interstate Batteries will continue posting these hyperlinks until December 31, 2020.

### D. Future Internet Keyword Sponsorships.

Interstate Batteries also agreed to run additional internet keywords and phrase sponsorships twice a year from 2013 to 2019 and to make a yearly reminder, until 2019, to its dealers about the continuation of the Interstate Batteries Settlement Program.

### E. Handouts for Dealers.

On December 2, 2011, Interstate Batteries posted an 8 ½ by 11 inch handout about the Original Settlement in its electronic Memo Binder.  On April 5, 2012, Interstate Batteries posted a new handout about the Amended Settlement.  Interstate Batteries requested that its distributors print the handout and accompanying instructions and have them delivered to Interstate Batteries authorized dealers within the distributors' territories.  The instructions with the handout requested Interstate Batteries authorized dealers to have the handout available in their stores until at least December 31, 2019, and to provide the handouts to anyone who asks about the Interstate Batteries class action settlement, expresses concern about the pro-rata warranty, or returns a failed original battery and wants to obtain a new Replacement Battery under the Previous Interstate Batteries' Pro-Rata Warranty.

**F.      Individual Notices to Customers Who Complained or Filed a Claim under the Interstate Batteries Settlement Program.**

On April 2, 2012, Garden City Group sent, by mail or email, the New Long-Form Settlement Notice (1) to 350 customers who complained to Interstate Batteries about the pro-rata warranty before November 17, 2011; and (2) to 39 Settlement Class Members who filed a claim under the Interstate Batteries Settlement Program on or before March 28, 2012.  Dan Lane's declaration, attached as Exhibit A, explains the method Interstate Batteries used to identify customers who complained to Interstate Batteries, or made inquiries, about the Previous Interstate Batteries' Pro-Rata Warranty between May 19, 2006 and April 30, 2012.

Before May 7, 2012, Garden City Group will send, by mail or email, the New Long-Form Settlement Notices to additional customers who complained to Interstate Batteries or inquired about the pro-rata warranty between November 17, 2011 and April 30, 2012, and to additional Settlement Class Members who filed a claim between March 29, 2012 and April 30, 2012.

**G.      The Notice Plan Is Reasonable and Appropriate.**

The Notice Plan previously approved and ordered by this Court contains many diverse components:  a formal Class Settlement Website hosted by Garden City Group; a reference to the class settlement on the landing page of Interstate Batteries' Website; Summary Notice in *USA Today*; print and radio news releases; and various kinds of advertising efforts on the internet.  Consequently, this comprehensive Notice Plan is reasonable under Rule 23(e)(1) and appropriate under Rule 23(c)(2)(A).

**III.   Conclusion**

This Amended Settlement provides a workable, multi-faceted solution to the Litigation, which could never be certified for litigation as a Rule 23(b)(3) class, and which would face numerous legal and logistical hurdles to reach a final litigated resolution.  This negotiated resolution is fair, reasonable, and adequate and more favorable than any resolution the Settlement Class could hope to obtain through litigation.  The Parties will submit a proposed Order Granting Final Approval of Amended Class Settlement no later than June 7, 2012.

1   Dated:  May 4, 2012               Respectfully submitted,

2

3                                       By:  /s/ Craig E. Stewart _____

4                                         Robert A. Mittelstaedt

5                                         ramittelstaedt@jonesday.com

6                                         Craig E. Stewart
                                        cestewart@jonesday.com

7                                         Jones Day
                                        555 California Street, 26th Floor

8                                         San Francisco, CA 94104
                                        Telephone:  (415) 626-3939

9                                         Facsimile:  (415) 875-5700

10                                        Jerome R. Doak, admitted *pro hac vice*

11                                        jrdoak@jonesday.com
                                       Jones Day

12                                        2727 North Harwood St.
                                       Dallas, TX 75201-1515

13                                        Telephone:  (214) 969-2977

14                                        Facsimile:  (214) 969-5100

15                                        Attorneys for Defendants
  DLI-6397736v4

16

17

18

19

20

21

22

23

24

25

26

27

28