UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.<br><br>　　　　Defendants. | Case No.: 10-CV-2125-CW<br><br>OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST |

To The Honorable District Judge:

　　　Comes Wayne Barginear ("Objector"), and files these Objections to the Proposed Settlement, Objection to Attorneys' Fees, and would show as follows:

**1.　Objector is a class member.**

　　　Objector declares that the following statements are true and correct:

　　　(a)　I am a member of the class and reside at 6934 Meadowlake, Dallas, Texas 75214.

　　　(b)　I purchased a covered battery from the Firestone Store located at 1720 Greenville Ave., Dallas, Texas in 2003 or 2004 and replaced it after it failed at the Firestone Store located at 6615 E. Northwest Hwy., Dallas, Texas in either 2005 or 2006. I no longer have the receipt for any purchase. These locations sell Interstate Batteries.

　　　(c)　I have or will file a valid claim form.

　　　(d)　I object to the Settlement styled *In Re: Interstate Battery System of America, Inc., Interstate Battery System International, Inc.*

## 2. Proposed Settlement Attempts to Place Unlawful Restrictions on Objectors

The Proposed Settlement attempts to place unlawful requirements on objectors–contrary to Supreme Court authority. In *Devlin v. Scardelletti,* (2002) 536 U.S. 1, the Court held that objectors who appear at the fairness hearing have the right to appeal approval of a proposed settlement. The *Devlin* Court did not expand that requirement of appearing at the hearing to include other requirements such as making written objections by any certain date prior to the fairness hearing.

Nonetheless, and contrary to *Devlin*, the Settling Parties' agreement (and the Notice they wrote) purports to require objectors to make full written objection long before the fairness hearing on pain of not being heard.

This purported term in the Settling Parties' agreement is, it is submitted, unlawful.

The Notice is misleading in claiming that objectors will not be heard if they do not file full written objections and a notice that they will appear long, long before the fairness hearing and provide additional information, in this case all cases where in objector has objected to a class action settlement within the last five years. This requirement is impermissible discovery by a different name.

It is respectfully submitted that a settlement agreement containing unlawful terms and founded on a misleading notice to class members may not be properly approved.

## 3. Objection to Class Notice.

The Federal Judicial Center, http://www.fjc.gov/ has a specific section entitled "Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide 2010," which suggests a percent of class to be reached by notice at between 70-95%. This plan appears woefully deficient. Not mentioned in the long form notice is the

provision that individual notice is not possible because records of purchasers are not available, according certification is sought under FRCP 23(b)(2). Items the Court should consider include:

Is the notice plan conducive to reaching the demographics of the class?

Answer: Cannot tell because we don't know who is a member

Is the geographic coverage of the notice plan sufficient?

Answer: From the documents available to the class members we don't know

Is the coverage broad and fair? Does the plan account for mobility?

Answer: From the documents available to the class members we don't know

Is there an extra effort where the class is highly concentrated?

Answer: From the documents available to the class members we don't know

Does the plan include individual notice?

Answer: No, except 350 individuals

If names and addresses are reasonably identifiable, Rule 23(c)(2) requires individual notice, according to documents filed only 350 class members will receive actual notice.

The Federal Judicial Center cautions the Court to be careful to look closely at assertions that mailings are not feasible.

Did the Court receive reliable information on whether and how much individual notice can be given?

Answer: From the documents available to the class members we don't know

Will publication efforts combined with mailings reach a high percentage of the class?

Answer: No

The lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%. A study of recent published decisions showed that the median reach calculation on approved notice plans was 87%. The net reach calculation thorough, conservative, and not inflated? Will this standard be met?

Answer: No

The Notice plan is inadequate and the settlement should be rejected on notice grounds alone.

**4.    Objections to the Settlement.**

The settlement is not fair, reasonable or adequate and Objector objects to the proposed settlement for the following reasons:

While it is possible to obtain a check card of $8.50 if a class member is able to submit a receipt, it is unlikely that more than a handful of class members will have receipts for the purchase of interstate battery system of products for the period. Because of the time period of this settlement, as a practical matter, battery purchasers will be unlikely to have receipts because of the life of the batteries at issue. Because of the difficulty in providing adequate proof of purchase, the result is a product voucher a/k/a a coupon.

This Court should heed the Managing Class Litigation: A Pocket Guide for Judges' admonition in "5 Appraisal of Settlement" that cautions:

> "Your appraisal of the settlement should focus on the value actually distributed to the class based on the number and percentage of class members who have filed a claim. As discussed below in Section IV. C.4, strict eligibility requirements and claims procedures often discourage class

claims and might reduce the total amount paid to class members, making the stated value of the settlement fund illusory."

The economic value to class members is unknown making a class member's evaluation of the settlement difficult.

5. **Objections to the Fee Petition.**

**Class Counsel's Requested Attorney Fees are Unreasonable Because the Value of the Settlement to the Class is Impermissibly Overstated**

In their Fee Petition, Class Counsel makes no value of the Settlement. This dramatically calls in to question the actual value of the Settlement to the class members. In reviewing a proposed settlement it is the role of the District Judge to protect the class's interests, acting as a fiduciary for the class. *In re Rite Aid Corp Securities Litigation*, 396 F.3d 294, 307 (3d Cir 2005). The actual value to the class warrants careful scrutiny and additional information from the parties.

Experience has demonstrated that actual claim rates in coupon settlements is miniscule, while the settlement creates a two tier claim system the reality is that little money will be distributed to the class. The Court should require a total number of claims filed at the Fairness Hearing. Because no notice is given to the class of the financial value to the class, much less actual cost to the Defendant, it is impossible for class members to fairly evaluate the settlement. Because this Settlement is nothing but a system of reimbursement claims, it is fully analogous to a rebate coupon settlement. The average redemption rate for coupons issued by corporations in marketing programs is very low, approximately two percent; similarly, class action coupon redemption rates are inherently infinitesimal. *Panel 3: Clear Notices, Claims Administration, and Market Makers*, 18 Geo. J. Legal Ethics 1223, 1235 (2005).

Similarly, claims-made settlements in general see only very, very low redemption rates. *Id.* at 1235. So whether one views this Settlement as a pure claims-made settlement and coupon or as the parties call this a product voucher settlement The only way to reliably calculate the actual value to the Settlement Class in this case is thus to base the calculation on the number of actual, successful reimbursement claims.

Further, in practical effect this Settlement is a sales promotion for Defendant.

Reimbursement will lure already injured consumers back to the merchants who have already sold them defective wares. In effect, the recovery plan awards the misfeasor by luring the class back to buy more products. Because it is the nature of salespersons to attempt to aggressively up sell customers — especially those that come in with coupons or rebates — it is highly likely class members will find themselves pressured to spend more money to buy products not related to the Settlement. If a service department discovers something wrong with a vehicle brought in for under the Settlement — or claims to find something wrong — the class member who brought in the vehicle could easily find herself spending more money out of pocket.

Under the foregoing, the attorney fee petition in this Settlement is unreasonable because the Settlement is not valued. The Settlement should not receive final approval unless the value of the injunctive relief supports it.

The class members are receiving minimal economic benefits. The supposed benefit to the class is in the form of an Agreed Injunction. In the Agreed Injunction Defendant does no more than agree to follow current law and not misrepresent its services.

The Court should consider in granting preliminary approval to a class settlement, the requirement of consideration is lacking. When considering injunctive relief settlements the court should review the settlement and consider the following:

(1) How much is the injunction worth to the class as a practical matter?

(2) What is the dollar value the relief might yield?

(3) What is the real cost to Defendant?

(4) Does the injunction do anything more than restate the obligation that Defendant has under existing law.

(5) Is the class being asked to give up valuable economic damage claims?

Objectors would submit that the answers to the listed above are:

(1) Answer: Very little.

(2) Answer: Very little.

(3) Answer: Not much.

(4) Answer: No.

(5) Answer: Unknown because class members are not given a value.

### 6. Joinder in Other Objections

This Objector adopts and joins in all other well taken – bona fide objections filed by other Class Members in this case, and incorporates them by reference as if they appeared in full herein.

### 7. Relief

Wherefore, Objector prays that the Court deny the proposed settlement, deny approval of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

Thomas L. Cox, Jr.
Texas Bar Card 04964400
4934 Tremont
Dallas, Texas 75214
469- 531-3313
tcox009@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served according to the instructions in the notice on May 18, 2012, to the following:

Settlement Administrator
Milano v. Interstate Battery System of America
c/o GCG
P.O. Box 9782
Dublin, OH 43017-5682

With a copy to:

Clerk of Court
United States District Court
Northern District of California, Oakland Division
1301 Clay St
Oakland City Center
Oakland, CA 94612

Thomas L. Cox, Jr.