Eric H. Gibbs (State Bar No. 178658)
David Stein (State Bar No. 257465)
Amy M. Zeman (State Bar No. 273100)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO, <br><br> Plaintiff, <br> vs. <br><br> INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC., <br><br> Defendants. | Case No. 10-CV-2125-CW <br><br> **STIPULATION RE: OBJECTOR DISCOVERY AND REPLY** |

1 WHEREAS, the Court preliminarily approved the parties' proposed Amended Class Action Settlement Agreement on March 8, 2012;

WHEREAS, the Court's Order Granting Preliminary Approval of Amended Class Action Settlement required that any objection to the settlement be postmarked no later than May 18, 2012, and stated that filing an objection would allow class counsel or counsel for Defendants to notice the deposition of the objector and seek any documentary evidence or other tangible things relevant to the objection;

WHEREAS, Wayne Barginear, represented by The Cox Firm, submitted an objection that class counsel received when the Court posted the objection to the electronic docket on May 24, 2012;

WHEREAS, class counsel e-mailed Mr. Barginear's counsel on May 24, 2012, regarding scheduling a deposition;

WHEREAS, class counsel served the discovery attached hereto as Attachment 1 on Mr. Barginear on May 25, 2012, including a deposition notice for a three-hour deposition in Dallas, Texas on June 5, 2012, and requests for production of documents and tangible things by June 1, 2012;

WHEREAS, deposing Mr. Barginear on June 5, 2012, would permit class counsel to fully address Mr. Barginear's objection in the reply briefing due on June 7, 2012;

WHEREAS, Mr. Barginear's counsel subsequently raised concerns about his client's ability to attend a deposition any time prior to June 18, 2012, on account of being on vacation, and about the length of the deposition;

WHEREAS, class counsel and counsel for Mr. Barginear conferred via e-mail regarding these issues and were able to resolve their disputes over the objector discovery that class counsel served on Mr. Barginear;

**IT IS THEREFORE STIPULATED AND AGREED**, by and through the undersigned, subject to the Court's approval, that:

1. Objector Wayne Barginear will appear for deposition by class counsel on June 25, 2012, at 10:00 a.m. at 2414 No Akard, Suite 700, Dallas, Texas 75201. The deposition will last no longer than two hours.

2. Objector Wayne Barginear will respond in writing to Plaintiff's Requests for the Production of Documents and Tangible Things, Set One served on Mr. Barginear through his counsel on May 25, 2012, and produce to class counsel at 601 California Street, 14th Floor, San Francisco, California 94108 all responsive documents and tangible things that are in his possession, custody or control or in the possession, custody, or control of his agents, employees, or attorneys, no later than June 18, 2012.  Mr. Barginear will provide a privilege log documenting each document or tangible thing withheld, in whole or in part, for any reason.

3. Class counsel may file a supplemental reply in support of final approval of the Amended Class Action Settlement Agreement no later than June 26, 2012.

**IT IS SO STIPULATED.**

DATED:  May 31, 2012           **GIRARD GIBBS LLP**

By:   */s/ Eric H. Gibbs*

Eric H. Gibbs
David Stein
601 California Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 981-4800 / Facsimile:  (415) 981-4846

*Class Counsel*

DATED:  May 31, 2012           **JONES DAY**

By:   */s/ Jerome R. Doak*

Jerome R. Doak
2727 North Harwood St.
Dallas, TX 75201-1515
Telephone: (214) 969-2977
Facsimile: (214) 969-5100

Robert A. Mittelstaedt
Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendants*

1 | DATED: May 31, 2012 THE COX FIRM

2 | By:  */s/ Thomas L. Cox. Jr.*

3 | Thomas L. Cox, Jr.
4 | 4934 Tremont
    | Dallas, TX  75214
5 | Telephone: (469) 531-3313

6 | *Counsel for Objector Wayne Barginear*

7 |

8 | **PURSUANT TO STIPULATION, IT IS ORDERED.**

11 | Date: _____

12 | Judge Claudia Wilken
     | United States District Judge

**ECF FILER'S ATTESTATION**

I, Eric H. Gibbs, as the e-filing counsel, attest that concurrence in filing this document has been obtained from Jerome R. Doak and Thomas L. Cox., Jr.  I shall maintain a record of the concurrence for subsequent production to the Court if so ordered and for inspection upon request by a party until one year after final resolution of the action.

Dated:  May 31, 2012                                              By:   */s/ Eric H. Gibbs*

**ATTACHMENT 1**

Eric H. Gibbs (State Bar No. 178658)
David Stein (State Bar No. 257465)
Amy M. Zeman (State Bar No. 273100)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DENO MILANO,<br><br>          Plaintiff,<br><br>     vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.,<br><br>          Defendants. | Case No. 10-CV-2125-CW<br><br>**NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO WAYNE BARGINEAR** |

1  Plaintiff, by his undersigned counsel, hereby notices the oral deposition of Wayne Barginear
2 pursuant to the Court's Order Granting Preliminary Approval of Amended Settlement dated March 8,
3 2012.  The deposition will be held at the office of Mr. Thomas L. Cox, Jr., 4934 Tremont, Dallas, Texas
4 75214, at 2:00 p.m. on June 5, 2012, or a date and place otherwise agreed to, and continue for no longer
5 than three hours.  The deposition will be taken before an officer legally authorized to administer oaths
6 and shall be recorded stenographically and by videotape.  Prior to the deposition, and no later than June
7 1, 2012, Mr. Barginear shall produce documents, tangible things and a privilege log responsive to the
8 categories of requests on Attachment A hereto.

10 DATED:  May 25, 2012                            Respectfully submitted,
11                                                 **GIRARD GIBBS LLP**

13                                                 By:  */s/ Eric H. Gibbs*
14                                                 Eric H. Gibbs
                                                   David Stein
15                                                 Amy M. Zeman
                                                   601 California Street, 14th Floor
16                                                 San Francisco, California 94104
                                                   Telephone: (415) 981-4800
17                                                 Facsimile:  (415) 981-4846
18                                                 *Attorneys for Plaintiff*

ATTACHMENT A

Eric H. Gibbs (State Bar No. 178658)
David Stein (State Bar No. 257465)
Amy M. Zeman (State Bar No. 273100)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DENO MILANO,<br><br>        Plaintiff,<br><br>    vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.,<br><br>        Defendants. | Case No. 10-CV-2125-CW<br><br>**REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS, SET ONE**<br><br>**PROPOUNDING PARTY:  PLAINTIFF**<br><br>**RESPONDING PARTY:    WAYNE BARGINEAR** |

Pursuant to the Court's Order Granting Preliminary Approval of Amended Settlement dated March 8, 2012, Plaintiff, by and through his undersigned counsel, requests that Wayne Barginear produce and permit Plaintiff's counsel to inspect and copy those documents and tangible things specified below, which are in the possession, custody, or control of Mr. Barginear and his agents, employees, or attorneys, in accordance with the Definitions and Instructions set forth below, at the offices of Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, California 94108.

## DEFINITIONS

The following definitions apply to each of the document and tangible thing requests set forth herein and are deemed to be incorporated in each of said requests:

1. "Communication" means every method and manner of transmitting or receiving data, opinions, thoughts, representations, and other information, whether orally, in writing, or otherwise, between two or more persons or entities. Communications include drafts and other written information intended for communicating to another person, even if not ultimately transmitted to or received by another person.

2. "Covered Battery" means an Interstate-trademarked battery that was covered by a pro-rata Interstate warranty.

3. "Document" shall have the broadest possible meaning and includes all originals and drafts, in any and all languages, of any nature whatsoever, in your possession, custody, or control, regardless of where located, and includes but is not limited to letters, correspondence, logs, drafts, contracts, prospective contracts, agreements, records, studies, surveys, resolutions, tabulations, notes, summaries, memoranda, electronically stored information, electronic mail, calendar or diary entries, working papers, work sheets, spreadsheets, diagrams, minutes, agendas, bulletins, periodicals, circulars, advertisements, notices, announcements, invoices, statements, checks, bank statements, ledgers, orders, vouchers, instructions, drawings, charts, graphs, manuals, brochures, pamphlets, schedules, telegrams, teletypes, photographs, audio tapes, voice-mail messages, electronic recordings, facsimile transmissions, and information of whatever kind either stored on computer disks, hard drives or other media or contained in any computer or information retrieval device. A draft or non-identical copy is a separate document within the meaning of this term.

1  4. "Including" shall be construed to mean "without limitation."

2  5. "Interstate" means Interstate Battery System of America, Inc.

3  6. "Interstate-trademarked Battery" means a battery marketed under the Interstate Batteries, Nationwide, Power Volt, or Quickstart brands.

5  7. "Replacement Battery" means a battery purchased from an Interstate-authorized warranty dealer at an adjusted price in a pro-rata warranty adjustment transaction under a pro-rata Interstate warranty.

8  8. Any term not provided a definition herein shall be given its plain meaning.

9  9. The use of any singular form of any word includes the plural and vice versa.

10  10. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

## INSTRUCTIONS

1. Unless otherwise specifically indicated, all requests herein refer to the period from April 19, 2000 to the date of production. Each request seeks all responsive documents or tangible things created or generated during the designated time period, as well as all responsive documents created or generated outside the designated time period that contain information concerning the designated time period.

2. If any document or tangible thing is withheld, in whole or in part, for any reason, including any claim of privilege, whether work-product or attorney-client, set forth separately with respect to each such document, portion of such document, or tangible thing: (a) the nature of the privilege or ground for confidentiality asserted; (b) the type of document or tangible thing; (c) the authors of the document; (d) the addresses of the document or tangible thing; (e) all persons who received copies of the document or the tangible thing; (f) the date of the document; (g) the general subject matter of the document; (h) the number of pages of the document; (i) the location and custodian of the document or tangible thing; and (j) a description of the document or tangible thing sufficient to identify the document or tangible thing without revealing the information for which the privilege is asserted.

3.      If a document or tangible thing contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document or tangible thing, you must clearly indicate the portions as to which the privilege is claimed.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All Documents reflecting Mr. Barginear's purchase of a Covered Battery in 2003 or 2004, whether from the Firestone Store located at 1720 Greenville Ave., Dallas, Texas or from anywhere else.

**DOCUMENT REQUEST NO. 2:**

All Documents reflecting or relating to Mr. Barginear's purchase of a Replacement Battery in 2005 or 2006, whether from the Firestone Store located at 6615 E. Northwest Highway, Dallas, Texas or from anywhere else.

**DOCUMENT REQUEST NO. 3:**

All Documents reflecting or relating to Mr. Barginear's purchase of any Interstate-trademarked Battery from any retailer at any time from April 19, 2000 through April 30, 2012.

**DOCUMENT REQUEST NO. 4:**

All Documents reflecting or relating to any complaints Mr. Barginear made regarding the warranty on any Interstate-trademarked Battery he purchased at any time from April 19, 2000 through April 30, 2012.

**DOCUMENT REQUEST NO. 5:**

All Documents reflecting or relating to any Communication had, initiated, received, or engaged in by Mr. Barginear regarding Interstate, Interstate-trademarked Batteries, or an Interstate battery warranty, including a privilege log reflecting any such Communications with counsel.

**DOCUMENT REQUEST NO. 6:**

All Documents reflecting or relating to any claim form, comment, or objection Mr. Barginear or his counsel prepared in relation to the parties' Class Action Settlement Agreement which the Court preliminarily approved on December 1, 2011.

**DOCUMENT REQUEST NO. 7:**

All Documents reflecting or relating to an objection or comment made by Mr. Barginear in connection with any other class action settlement.

**DOCUMENT REQUEST NO. 8:**

All Documents reflecting or relating to an appeal filed by Mr. Barginear to an order finally approving a class action settlement or awarding fees following a class action settlement.

**DOCUMENT REQUEST NO. 9:**

All Documents reflecting your attorney-representation agreement with Thomas L. Cox, Jr. or any other counsel in relation to this matter.

**DOCUMENT REQUEST NO. 10:**

The Replacement Battery that Mr. Barginear purchased in 2005 or 2006, whether from the Firestone Store located at 6615 E. Northwest Highway, Dallas, Texas or from anywhere else.

DATED:  May 25, 2012                              Respectfully submitted,

**GIRARD GIBBS LLP**


By:     */s/ Eric H. Gibbs*
Eric H. Gibbs
David Stein
Amy M. Zeman
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

*Attorneys for Plaintiff*