JONES DAY
ROBERT A. MITTELSTAEDT, SBN 60359
ramittelstaedt@jonesday.com
CRAIG E. STEWART, SBN 129530
cestewart@jonesday.com
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

JONES DAY
JEROME R. DOAK, admitted *pro hac vice*
jrdoak@jonesday.com
2727 North Harwood St.
Dallas, TX 75201-1515
Telephone:  (214) 969-2977
Facsimile:  (214) 969-5100

Attorneys for Defendants
INTERSTATE BATTERY SYSTEM OF AMERICA, INC.
INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.,<br><br>　　　　　Defendants. | Case No. 10-CV-2125-CW<br><br>**DEFENDANTS' MEMORANDUM IN RESPONSE TO OBJECTIONS AND REPLY IN SUPPORT OF FINAL APPROVAL**<br><br>Date:  June 28, 2012<br>Time: 2:00 p.m.<br>Judge:  Hon. Claudia Wilken |

Settling Defendants file this memorandum to respond to the objections to the proposed class action settlement and in further support of Settling Defendants' request that the Court (1) finally certify, for settlement purposes only, the Settlement Class under Federal Rule of Civil Procedure 23(b)(2); (2) approve the Notice Plan as reasonable and appropriate under the circumstances; and (3) grant final approval of the proposed settlement because it is fair, reasonable, and adequate.[1]

## I. After Implementation of a Lengthy and Multi-Faceted Notice Plan, Only Two Objections Were Filed.

Despite the Settlement Administrator and Settling Defendants executing a comprehensive and multi-faceted Notice Plan, only two objections were filed. The Class Settlement Website has been maintained since December 2, 2011. Since that time, Interstate Batteries has also posted on the front page of its company website a hyperlink to the Class Settlement Website. Additionally, the Settlement Administrator published Summary Notice in *USA Today*, purchased a one-month banner advertisement in *Car and Driver—Digital*, operated a ten-week search word campaign on Google and Yahoo!, and disseminated print and audio news releases to media outlets in every state of the United States and the District of Columbia. Finally, Interstate Batteries coordinated an outreach program for disseminating handouts announcing the proposed settlement to more than 50,000 Interstate Batteries authorized warranty dealers.

As a result of this comprehensive Notice Plan, Class Members had ample opportunity over the past seven months to learn about the settlement. Indeed, conducting a Google search for just "pro rata warranty" brings up a reference to this lawsuit, Class Counsel, and the Notice. (Ex. A.) Nonetheless, only two objections were filed, and one of those objections was not from a Class Member.

Additionally, Settling Defendants twice sent CAFA Notice to the United States Attorney General and the Attorneys General of each of the 50 states and the District of Columbia—first in November 2011 and again in February 2012. (Dkt. Nos. 57 & 74.) Not one of the 52 Attorneys General has filed an objection. The fact that "numerous governmental agencies . . . were given notice

---

[1] Where not otherwise defined, all capitalized terms in this memorandum have the same meaning as in the Amended Settlement Agreement.

1

of the settlement and have not objected . . . weighs in favor of the settlement." *Browning v. Yahoo! Inc.*, No. C04-01463, 2007 WL 4105971, at *12 (N.D. Cal. Nov. 16, 2007).

In short, the very small number of objectors here demonstrates that the reaction to the proposed settlement is positive. "It is established that the absence of a large number of objections to a proposed class action raises a strong presumption that the terms of a proposed class action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation and internal quotation marks omitted).

## II. Objector Wood Is Not a Settlement Class Member, and His Objections (as a Former Dealer) Are Not Relevant to this Litigation.

Leonard A. Wood, a former Interstate Batteries dealer, submitted an objection but he is not a Class Member. To be a Class Member, an individual must have purchased an Interstate Batteries trademarked battery from an Interstate Batteries authorized dealer. (Dkt. No. 77 at 13-14.) Mr. Wood's submission provides no indication that he, as an individual, purchased an Interstate Batteries trademarked battery from an Interstate Batteries authorized dealer. Accordingly, Mr. Wood lacks standing to object. But even if Mr. Wood did have standing to object, his objections would be without merit.

First, Mr. Wood's complaint about his alleged financial loss—as a dealer—in performing pro-rata-warranty-adjustment transactions has nothing to do with the subject matter of this Litigation, which involves certain Interstate Batteries consumers and how their pro-rata adjustment would be calculated.

Second, Mr. Wood's complaint about lack of notice is also misguided. Mr. Wood is not a Class Member and is not entitled to notice of the settlement, and as a former Interstate Batteries dealer, whose relationship with Interstate Batteries ended in July 2011, he would not have taken part in the Notice Plan that was first approved by the Court five months later, in December 2011. (Ex. B at ¶¶ 3-4.) Indeed, Mr. Wood, who ceased being an Interstate Batteries dealer as of July 2011, complains that he "was not notified by any agent of Interstate" about the proposed settlement. Of course Mr. Wood did not receive notice from Interstate Batteries about the proposed settlement when he was a dealer—for the simple reason that the Original Settlement Agreement had not even been signed at that time. The

1  Court only approved the original Notice Plan on December 1, 2011, after Wood's tenure as an
2  Interstate Batteries dealer ended. (Dkt. No. 62.)
3       Moreover, rather than demonstrating any flaw in the Notice Plan, Mr. Wood's objection
4  actually demonstrates its efficacy. Mr. Wood attached to his objection two receipts from one of his
5  past customers, Denise Thomas. Mr. Wood claimed Ms. Thomas learned of the proposed settlement
6  because she "did her own research." In fact, however, she was individually mailed the New Long-
7  Form Notice as part of the Court approved Notice Plan because she previously complained to Interstate
8  Batteries about the pro-rata warranty. (Ex. B at ¶ 14.) Mr. Wood's objection also fails to state that Ms.
9  Thomas has not objected to the proposed settlement; nor could she because Interstate Batteries already
10 paid her a full refund of the purchase price of her original battery, almost a year ago. (*Id.* at ¶ 11.)
11      The receipts Mr. Wood attached to his objections show that Ms. Thomas purchased an Interstate
12 battery with a pro-rata warranty from his dealership on January 31, 2008. (*Id.* at ¶ 6.) Later, during
13 the pro-rata-warranty coverage period, Ms. Thomas purchased a replacement battery from Mr. Wood's
14 dealership on June 30, 2011. (*Id.* at ¶ 7.) But the receipt for the replacement battery shows that Ms.
15 Thomas paid $99.90 for that replacement and apparently did not receive any adjustment from the dealer
16 on the price of her replacement battery. (*Id.*) Less than two weeks later, Ms. Thomas complained to
17 Interstate Batteries, and Interstate Batteries refunded Ms. Thomas the entire purchase price of her
18 original battery. (*Id.* at ¶¶ 8-12.)
19      Finally, Mr. Wood generally criticizes the quality of Interstate Batteries—a matter outside the
20 scope of this Litigation—and questions whether there is any family relation between Class Counsel,
21 Girard Gibbs LLP, and Joe Gibbs (presumably referring to the former head coach of the Washington
22 Redskins and owner of a NASCAR racing team that was sponsored by Intestate Batteries). Class
23 Counsel and Joe Gibbs are not related.
24
25 **III.   Objector Barginear's Objection Is Without Merit.**
26      Wayne Barginear, represented by his attorney, Thomas L. Cox, Jr., objects to the Court's
27 authority to impose certain administrative requirements on objectors, the sufficiency of the Notice Plan,
28 and the terms of the proposed settlement. All these objections are without merit.

First, Mr. Barginear claims that *Devlin v. Scardelletti*, 536 U.S. 1 (2002) prohibits the Court from requiring objectors to (1) file written objections before the final fairness hearing and (2) identify all cases where the objector has objected to other proposed class action settlements within the last five years. (Dkt. No. 88 at 2.) But courts evaluating proposed class action settlements frequently impose these same administrative requirements on objectors, and these requirements are in no way "contrary to *Devlin*." (*Id.*). *Devlin* neither considered nor decided that issue. The sole issue addressed in *Devlin* is whether a nonnamed class member (who does not intervene to object to a proposed class action settlement) has standing to appeal. *Devlin*, 536 at 6. The Court held that only "those nonnamed class members who have objected during the fairness hearing" have standing to appeal. *Id.* at 11. *Devlin* had nothing to do with how a trial court manages its docket or conducts proceedings before it.

The deadlines and administrative requirements set forth in the Court's Order Granting Preliminary Approval of Amended Class Settlement, (Dkt. No. 75), are common and appropriate to manage the Litigation in an orderly fashion. Mr. Barginear was required to file, by the May 18, 2012 deadline, "a list of any other class action settlements that the Settlement Class Member has objected to during the past five years"—but he did not. That failure to comply with this Court's Order is particularly troubling because Defendants have discovered at least one other case where Mr. Barginear recently objected to a proposed class action settlement. *See* Objection to Proposed Settlement, *In re Pre-Filled Propane Tank Mktg. & Sales Practices Litig.*, No. 02-2086 (W.D. Mo. Sept. 15, 2010). Thus, Mr. Barginear's non-disclosure appears to be deceptive.

Second, Mr. Barginear objects to the Notice Plan, arguing that it should reach 70-95% of the class. But the authority Mr. Barginear cites—the Federal Judicial Center's "Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide"—does not apply to notice in a Rule 23(b)(2) settlement class. The Federal Judicial Center's "Checklist" was developed to "illustrate how attorneys and judges might comply with . . . . Federal Rule of Civil Procedure 23(c)(2)(B)," which is the subsection that applies to notice in a Rule 23(b)(3) class.[2] But it is the subsection immediately before—Rule 23(c)(2)(A)—that applies to notice for a Rule 23(b)(2) class.

---

[2] Federal Judicial Center, Class Action Notices Page, http://www.fjc.gov/.

1       Mr. Barginear similarly misapplies Rule 23(c)(2) when he argues that this settlement requires
2  individual notice if names and addresses are "reasonably identifiable." But the language cited by Mr.
3  Barginear is in Rule 23(c)(2)(B), which is not applicable here. Rule 23(c)(2) is entitled "Notice," and
4  clearly has subsection "**(A)** *For (b)(1) or (b)(2) Classes*," and subsection "**(B)** *For (b)(3) Classes*."
5  Moreover, the Parties previously explained to the Court why individual notice would not be possible in
6  this case. (Dkt. No. 85 at 1 ("Interstate Batteries does not have records of individual sales made to
7  consumers or any other way to identify class members . . . . [and] there would be no way to send, by
8  mail or email, individual notice to any Rule 23(b)(3) class.").); (*Id.* ("[P]ublished notice for a
9  nationwide Rule 23(b)(3) class would be prohibitively expensive, given the relatively small amount at
10 stake in this Litigation.").)

11       To the extent Mr. Barginear claims that the Notice needed to specifically state that the class was
12 certified pursuant to Federal Rule of Civil Procedure 23(b)(2), he is also mistaken. The challenged
13 settlement notice clearly states that the notice "is only a summary of the proposed settlement" and that
14 the "complete terms of the settlement are contained in the Amended Settlement Agreement, which [has
15 long been posted] at www.InterstateBatteriesSettlement.com." (Dkt. No. 77 at Ex. B.) Moreover, the
16 primary requirement for all class action notices is that they use plain, easily understood language. *See*
17 Fed. R. Civ. P. 23(c)(2)(B). The Federal Judicial Center sought to advance that fundamental objective
18 when it began publishing sample class action notices. The Federal Judicial Center provides three
19 examples of long form notices, none of which state the subsection of Rule 23(b) that applies or why
20 that subsection, and not another, was used.[3]

21       Third, Mr. Barginear objects to the fairness of the settlement because Settlement Class
22 Members may lack the receipts required to receive an $8.50 check card through the Interstate Batteries
23 Settlement Program. (Dkt. No. 88 at 4.) This objection ignores, however, the alternative benefit of a
24 $5 product voucher, which is available under the settlement to Class Members who lack receipts. This
25 benefit is generous considering that without receipts, Class Members would receive nothing if this
26 Litigation proceeded to trial. A Class Member without a receipt would be unable to prove (1) that she

27 
28 [3] These sample notices were prepared for use in Rule 23(b)(3) classes, which have far more demanding notification requirements than do Rule 23(b)(2) classes. *Id.*

purchased an original Interstate Batteries battery with a pro-rata warranty; (2) that she later presented that defective battery to an Interstate Batteries warranty dealer within the applicable pro-rata warranty period; (3) the amount she was charged under the pro-rata warranty for the Replacement Battery; and (4) the amount she should have been charged for that Replacement Battery, in a particular location, on a particular date.  Such proofs could not be made based on Defendants' records—which do not contain this information—and any attempted class trial by formula, extrapolations, or estimates would run afoul of *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2561 (2011).  *Id.* (disapproving of "Trial by Formula" and stating that "a class cannot be certified on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims").

By contrast, the Interstate Batteries Settlement Program is easy to use and offers fair, reasonable, and adequate terms.  Indeed, Class Counsel agrees that the reimbursements available through the claims program "approximate what class members could expect to receive through a successful trial."  (Dkt. No. 83 at 14.)

To the extent Mr. Barginear objects to the product vouchers issued under the claims program as coupons, his objection is also misplaced.  These product vouchers do not have the negative characteristics sometimes associated with coupon settlements.  The product vouchers provide a credit on the purchase of <u>any</u> product from an All Battery Center Store or Interstate Batteries' Online Store.  Settlement Class Members here are not required to purchase an expensive or specialized product in order to gain value from the product vouchers.  Instead, a large array of battery products is available at All Battery Center Stores and on Interstate Batteries' Online Store—including batteries for flashlights, watches, cameras, laptops, cordless tools, hearing aids, and security systems, just to name a few.  Product vouchers can thus be exchanged for products used every day, by every household.  Moreover, any Settlement Class Member who submits a receipt can obtain an $8.50 check card instead of a product voucher.

Fourth, Mr. Barginear objects to Class Counsel's request for attorneys' fees.  Settling Defendants expect Class Counsel to respond to this objection—but do note that Mr. Barginear focuses only on the value of the Interstate Batteries Settlement Program, which is completely voluntary.  Any

6
DFTS' MEMORANDUM IRT OBJECTIONS AND REPLY ISO FINAL APPROVAL
CASE NO. 10-CV-2125 CW

Class Member who does not wish to participate in the settlement program is free to pursue her own individual lawsuit for monetary damages.

The claims program is also only one benefit of the proposed settlement. Mr. Barginear ignores the value found in the other aspects of the Injunctive Relief, involving improved business practices Interstate Batteries began implementing on May 1, 2012. Interstate Batteries' new warranty is clearly written, more easily understood by customers, contains all legally required terms, is delivered to customers at the time of sale, and is uniform everywhere it is posted. The new warranty also addresses and resolves every alleged problem identified in Named Plaintiff's First Amended Complaint.

Finally, Mr. Barginear's attorney, Mr. Thomas L. Cox, Jr., is a frequent objector. As noted in a recent opinion from a federal court in Maryland, Mr. Cox has objected to at least six other proposed class action settlements in the past two years.[4] Significantly, not one of his objections has been sustained in those other six cases. In addition, Mr. Cox recently represented and teamed up with Mr. Barginear to file another objection to a proposed class action settlement. *See* Objection to Proposed Settlement, *In re Pre-Filled Propane Tank Mktg. & Sales Practices Litig.*, No. 02-2086 (W.D. Mo. Sept. 15, 2010). And, in yet another case, Mr. Cox represented Mr. Barginear's wife in connection with an objection to a proposed class action settlement. Objection to Proposed Settlement, *Kardonik v. JP Morgan Chase & Co.*, Case No. 1:10-CV-23235 (S.D. Fla. Aug. 18, 2011).

### IV. No Objector Filed a Notice of Intention to Appear at the Fairness Hearing.

A Class Member objecting to this proposed settlement was required to state whether he or his attorney intended to appear at the Final Approval Hearing. (Dkt. No. 75 at 7.) Neither Mr. Wood nor Mr. Barginear has filed a Notice of Intention to Appear at the Fairness Hearing.

---

[4] *In re Mut. Funds Inv. Litig.*, MDL No. 1586, 2011 WL 1102999, at *1 n.1 (D. Md. Mar. 23, 2011) (citing *In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.*, MDL No. 08–1982, 2010 WL 1924012 (D. Md. May 11, 2010); *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546 (D.N.J. 2010); *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 733 F. Supp. 2d 997 (E.D. Wis. 2010); *In re Lifelock, Inc. Mktg. & Sales Practices Litig.*, MDL No. 08–1977, 2009 WL 2222711 (D. Ariz. July 24, 2009); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 08–1998, 2010 WL 5147222 (W.D. Ky. Dec. 13, 2010)).

V.  **Conclusion**

    Both objections to the proposed settlement are without merit.  Settling Defendants, accordingly, request the Court to finally approve this proposed settlement as fair, reasonable, and adequate.

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**

I am a citizen of the United States and employed in Dallas County, Texas. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2727 North Harwood Street, Dallas, Texas 75201. On June 7, 2012, I deposited with Federal Express, a true and correct copy of the within document:

**Defendants' Memorandum in Response to Objections and Reply in Support of Final Approval**

in a sealed envelope, addressed as follows:

Leonard A. Wood, Jr.
Choice Auto Repair, Inc.
4500 Western Blvd., Suite 102
Raleigh, NC 27606

Thomas L. Cox, Jr.
4934 Tremont
Dallas, TX 75214

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 7, 2012, at Dallas, Texas.

/s/ Jerome R. Doak

Jerome R. Doak

| | |
|---|---|
| Dated:  June 7, 2012 | Respectfully submitted, |
| | By:  _____/s/ Jerome R. Doak_____ |
| | Robert A. Mittelstaedt |
| | ramittelstaedt@jonesday.com |
| | Craig E. Stewart |
| | cestewart@jonesday.com |
| | Jones Day |
| | 555 California Street, 26th Floor |
| | San Francisco, CA 94104 |
| | Telephone:  (415) 626-3939 |
| | Facsimile:  (415) 875-5700 |
| | |
| | Jerome R. Doak, admitted *pro hac vice* |
| | jrdoak@jonesday.com |
| | Jones Day |
| | 2727 North Harwood St. |
| | Dallas, TX 75201-1515 |
| | Telephone:  (214) 969-2977 |
| | Facsimile:  (214) 969-5100 |
| | |
| | Attorneys for Defendants |