Eric H. Gibbs (State Bar No. 178658)
David Stein (State Bar No. 257465)
Amy M. Zeman (State Bar No. 273100)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO,<br><br>           Plaintiff,<br><br>      vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.,<br><br>           Defendants. | Case No. 10-CV-2125-CW<br><br>**PLAINTIFF'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT AND PLAINTIFF'S FEE APPLICATION**<br><br>Date: June 28, 2012<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Having deposed objector Wayne Barginear on June 25, 2012, Plaintiff files this supplemental reply memorandum pursuant to the stipulation and order entered by the Court on June 1, 2012.

## II. ARGUMENT

### A. Mr. Barginear's Deposition

Class Counsel recognizes that a lay person serving as a class representative needn't have an in-depth understanding of the applicable legal and factual issues. *See Fernandez v. K-M Indus. Holding Co.*, C-06-7339, 2008 WL 2625874, at *3 (N.D. Cal. June 26, 2008) ("The threshold of knowledge required to qualify a class representative is low. While a class representative must understand the gravamen of her claims, it is not necessary that she be intimately familiar with every factual and legal issue in the case.") (citations and internal quotation marks omitted). Since an objector arguably serves in a similar role as a class representative, Class Counsel kept Mr. Barginear's deposition short (less than an hour), attempted to keep the questions simple, and avoided inquiry into legal or complex factual issues. Rather, Class Counsel inquired generally into Mr. Barginear's understanding of his objection, his understanding of his role as an objector, and his understanding of an acceptable outcome of his objection. Due to the brevity of Mr. Barginear's deposition, Plaintiff provides the full transcript for the Court's convenience as Exhibit 1 to the Declaration of Eric H. Gibbs.

### B. Mr. Barginear Has Not Established That He Is A Class Member.

Pursuant to the Court's order granting preliminary approval, only class members may object to the parties' amended class action settlement. Mr. Barginear is unable to conclusively establish that he is a class member entitled to object. Mr. Barginear cannot show that he purchased a replacement battery within the class period (which begins May 19, 2006 for "Replacement-Battery Purchaser Class Members") because he has not retained any records of the purchase and admits that, while "'06 sticks in [his] mind," he may have bought his replacement battery in 2005. (Dkt. No. 88 (Barginear Objection) ¶ 1(b); Depo. 14:14-24 & 17:1-10). Nor can Mr. Barginear establish class membership as an "Unexpired-Warranty-Holder Class Member," as he sold the vehicle containing his replacement battery in 2007, (*see* Depo. 14:22-15:1), and owns no other Interstate batteries, (*see* Depo. 16:7-16).

### C. Mr. Barginear's Objection Should Be Stricken For Failure To Comply With The Court's Orders Regarding Discovery.

The Court's March 8, 2012, order preliminarily approving the settlement permits the parties to serve discovery requests on objectors and allows the Court to strike an objection if the objector fails to comply with such requests. On June 1, 2012, the Court approved a stipulation signed by the parties and Mr. Barginear's counsel that required Mr. Barginear to respond in writing to Plaintiff's requests for the production of documents and tangible things no later than June 18, 2012. To date, Plaintiff has received no response to that discovery request and Mr. Barginear has produced no documents or things and no privilege log. Plaintiff respectfully submits that Mr. Barginear's objection should be stricken pursuant to the Court's preliminary approval order.

### D. Mr. Barginear's Objection Should Be Overruled.

#### 1. Mr. Barginear Has No Stake In And Does Not Understand His Objection In This Case.

Mr. Barginear's deposition testimony demonstrates a dearth of knowledge about his objection to the proposed settlement. For instance, Mr. Barginear first saw his own objection the morning of his deposition:

> Q: Have you seen this document [Dkt. No. 88 (Barginear Objection)] before?
> A: I saw it, yes.
> Q: When's the first time you saw it?
> A: This morning.
> Q: Had you seen it before then?
> A: I don't think so.

(Depo. 7:2-7.) Nor is Mr. Barginear familiar with the terms of the settlement or his reasons for objecting to it:

> Q: Did you look at the settlement agreement or did you familiarize yourself with the terms of the class action settlement?
> A: No.
> Q: And you understand – strike that. Are there terms of the settlement that you're opposed to?
> A: I refer to my attorney on that.

(Depo. 13:2-9.)

> Q:  Okay.  If you could change the terms of the settlement in this case, what would you do?
> A:  I don't know what the terms of the settlement are so I can't answer that.

(Depo. 31:11-14.)  And Mr. Barginear is unclear regarding the goal of his objection:

> Q:  What is it that you're trying to accomplish in connection with your objection in this case?
> A:  Well, if there's a class action lawsuit against Interstate, they must have done something wrong.  I did business with them, so that's what I'm accomplishing.

(Depo. 19:18-22.)

> Q:  And again, what is it that you hope to accomplish with your objection?
> A:  Well, if – in my business, if I do something wrong to a group of people and let's say five, four of them find out about it and get compensation from me, the fifth person ought to get it too, and so I'm in that thought process.
> Q:  And is it your contention that the compensation that's being made available in this case is inadequate?
> A:  Oh, sure, I don't think you can pay me enough for my deposition time this morning.
> Q:  And beyond that?
> A:  Beyond that, I don't know.  I haven't seen anything.

(Depo. 28:25-29:13.)

### 2. Mr. Barginear Does Not Understand His Actions In Other Cases And Admits That He Does Whatever His Attorney Tells Him To Do.

Mr. Barginear has objected to at least one other class action settlement but evinces minimal knowledge of that objection and a habit of abdicating control to his counsel.  For instance, Mr. Barginear was uncertain if he had served as a plaintiff or objected before:

> Q:  Have you been a plaintiff in any class action cases?
> A:  Yeah.
> Mr. Cox:  Are you counting an objector as a plaintiff?
> Mr. Gibbs:  No.
> Mr. Cox:  No.
> A:  No.
> Q:  And you've objected to other class action settlements, is that correct?
> The witness:  Have I?

      A:  I have to refer to my lawyer.  He handles all that.
      Q:  Okay.  You don't know if you've objected to other class actions settlements?
      A:  I do whatever he recommends.

(Depo. 5:21-6:11.)

Mr. Barginear also did not know how an appeal filed on his behalf in *In re Pre-Filled Propane Tank Marketing & Sales Practice Litigation*, Case No. 4:09-MD-2086 (W.D. Mo.), had been resolved:

      Q:  I've marked as Exhibit 7 from the same propane tank case a document entitled – it's a judgment dismissing the appeal.  Have you seen this before?
      A:  No.
      Q:  And do you know that the appeal that you filed was dismissed?
      A:  No.
      Q:  Okay.
      A:  So you must have been correct.
      Q:  What do you mean by that?
      A:  You must have been right.
      Q:  Who?
      A:  You won, I guess.
      Q:  I'm not sure what you mean.
      A:  Well, if the appeal was set aside, then you must have [won].
      Q:  Oh, I see.  Do you know that your lawyer voluntarily dismissed that appeal?
      A:  No.

(Depo. 24:23-25:16.)

### 3. Mr. Barginear Is Not Qualified To Represent The Interests Of The Class.

By objecting to and potentially blocking or delaying a settlement that provides benefits to a broad class of consumers, Mr. Barginear has stepped into a role analogous to a class representative.  But Mr. Barginear is unqualified (and unwilling) to represent the interests of other people:

      Q.  If the settlement in this case is set aside because of your objection, are you prepared to step in and represent the class in this case?
      A.  I'd have to think that over.
      Q.  Have you had that discussion with your lawyer?
      A.  No.
      Q.  What would influence your willingness to step in as a class representative?
      A.  What Tom tells me.

> Q. Would you be prepared to spend your own money in connection with acting as a class representative?
> A. Depends on the final result.
> Q. What do you mean by that?
> A. Well, you don't throw money a hole with no hope of recovery.  If I'm throwing money down a black hole and I put 50,000 in and the best I could hope to get back is 20, then no, I'm not going to do that.
> Q. What if the best you could get back is $10?
> A. I wouldn't put any money in.  I wouldn't take a deposition.
> Q. Would you take any financial risk in connection with a case like that?
> A. No.
> Q. In connection with your objection here, are you intending to represent the interest of other people?
> A. I would think as a class everyone in the class represents the others in the class, so probably, yeah.
> Q. Okay.  And do you understand that there are legal obligations that come into play when you're representing the interest of others in connection with a lawsuit?
> A. I could see that probably happening, but no, I've never discussed that with Tom.
> Q. You have no understanding of what those legal obligations are?
> A. Not really.  Not being a lawyer, I'd have to say no.

(Depo. 29:24-31:10.)

Thus, if the Court were to view Mr. Barginear through the lens of Rule 23(a)(4), he is not qualified (and is not willing) to pursue litigation on behalf of the class because he does not satisfy the lenient standard to establish adequacy of representation.  *See Holman v. Experian Info. Solutions, Inc.*, C-11-0180, 2012 WL 1496203, at *14 (N.D. Cal. Apr. 27, 2012) ("A class representative will be deemed inadequate only if she is startlingly unfamiliar with the case.") (citations and internal quotation marks omitted); *Koenig v. Benson*, 117 F.R.D. 330, 337 (E.D.N.Y. 1987) (finding a named plaintiff inadequate to serve as class representative due to his unfamiliarity with the case and inability to exercise independent control over his attorney).  Given his testimony, Mr. Barginear's interests are also in conflict with those class members who have expressed approval of the proposed settlement by participating in the claims program.

### E. Mr. Barginear's And Mr. Cox's Histories Of Objecting To Class Action Settlements Suggests Disinterest In The Actual Merits Of The Proposed Settlement.

Mr. Barginear's inability to conclusively establish class membership and lack of knowledge about the settlement and his objection to its terms are particularly concerning in light of his and his counsel's status as objectors known for appealing class settlements once a district court has overruled their objections. For instance, Mr. Barginear and Mr. Cox have filed the following objections, among others:

- Mr. Barginear, represented by Mr. Cox and other counsel, filed an objection to the settlement reached with the AmeriGas defendants in *In re Pre-Filled Propane Tank Marketing & Sales Practice Litigation*, Case No. 4:09-MD-2086 (W.D. Mo.). After the district court rejected the objection in its entirety, Mr. Cox filed a notice of appeal on Mr. Barginear's behalf. Mr. Cox and Mr. Barginear later dismissed the appeal. At his deposition in the current action, Mr. Barginear expressed a lack of knowledge about his objection in *Propane*, why Mr. Cox filed an appeal, and how the appeal was resolved. (*See* Depo. 23:9-25:16.)

- Mr. Cox, representing himself with other counsel, filed an objection to the settlement reached with the Ferrellgas defendants in *In re Pre-Filled Propane Tank Marketing & Sales Practice Litigation*, Case No. 4:09-MD-2086 (W.D. Mo.). The district court rejected Mr. Cox's objection in its entirety, found that class counsel, which included Girard Gibbs, "provided excellent representation," and ordered each objector intending to appeal to post a $25,000 appellate bond.

- Mr. Cox, representing himself, filed an objection to the settlement proposed in *In re Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation*, Case No. 1:08-MD-01982 (D. Md.). The court approved the settlement, finding no merit in Mr. Cox's objection, and Mr. Cox later dismissed an appeal.

- Mr. Cox filed an objection on behalf of Mr. Barginear's wife to a settlement proposed in *Kardonik v. JP Morgan Chase & Co.*, Case No. 1:10-CV-23235 (S.D. Fla.). Mr. Cox withdrew the objection one week after a Northern District of Texas court denied Mrs. Barginear's motion to quash her noticed deposition. (*See* Depo. 8:17-9:2 & 26:10-21.)

### F. Because Mr. Barginear's Objection Is Asserted For An Improper Purpose, Plaintiff's Discovery Costs Should Be Taxed to Mr. Barginear Or His Counsel And An Appellate Bond Is Warranted.

In light of the above, it is apparent that Mr. Barginear has asserted his objection for an improper purpose. Namely, Mr. Barginear and his counsel are not concerned with the merits of the settlement but rather are attempting to create appellate standing designed to trigger an individual monetary settlement similar to that obtained by Mr. Barginear and Mr. Cox in the propane tank litigation. The Court's preliminary approval order provides that in such circumstances, the Court may tax the costs of any discovery requested of the objector to the objector or his separate counsel. In addition, Federal Rule of Appellate Procedure 7 permits a district court to impose an appellate bond. *See, e.g., Embry v. Acer America Corp.*, C-09-01808, 2012 WL 2055030, at *1-2 (N.D. Cal. June 5, 2012) (imposing a $70,650 appellate bond on an objector whose objections were "lacking in merit"); *In re Wells Fargo Loan Processor Overtime Pay Litig.*, C-07-1841, 2011 WL 3352460, at *10 (Aug. 2, 2011) (imposing a $20,000 appellate bond on an objector whose objections were "unlikely to prevail on appeal"); *In re Pre-Filled Propane Tank Marketing & Sales Practice Litigation*, Case No. 4:09-MD-2086 (W.D. Mo.), Dkt. 290 (order granting final approval and imposing a $25,000 appellate bond on each objector intending to appeal). Plaintiff respectfully suggests that the Court tax the costs of his discovery of Mr. Barginear, including travel expenses and court reporter fees, to Mr. Barginear or Mr. Cox and impose an appellate bond.

//
//
//
//
//
//

### III. CONCLUSION

For the reasons stated above and in his previously-filed final approval papers, Plaintiff requests that the Court find that Mr. Barginear has failed to establish that he is a class member and overrule his objection in its entirety.

DATED: June 26, 2012

Respectfully submitted,

**GIRARD GIBBS LLP**

By:   */s/ Eric H. Gibbs*
Eric H. Gibbs
David Stein
Amy M. Zeman
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

*Attorneys for Plaintiff*