1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

11

DENO MILANO,

Case No. 10-CV-2125-CW

12

                    Plaintiff,

13

          vs.

~~[PROPOSED]~~ **FINAL JUDGMENT AND**
**ORDER**

14

INTERSTATE BATTERY SYSTEM OF

15

AMERICA, INC.; INTERSTATE BATTERY
SYSTEM INTERNATIONAL, INC.,

16

                    Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

1    This case was filed in 2010 as a proposed class action and was resolved pursuant to the terms of

2    the Amended Class Action Settlement Agreement dated February 16, 2012 ("Amended Settlement

3    Agreement").  (Dkt. No. 77.)  Where not otherwise defined, all capitalized terms in this Final Judgment

4    and Order shall have the same meaning as set forth in the Amended Settlement Agreement.  The

5    proposed class action settlement has proceeded through the required process for Court approval and is

6    now formally and finally approved by this Court.

7    Due and adequate notice having been given of the proposed amended settlement as required by

8    the Preliminary Approval Order, (Dkt. No. 75), and the Court having considered all papers filed and

9    proceedings had herein, the Court now enters this Final Judgment and Order stating the final

10   disposition of the case and the terms of the relief to which the Parties are entitled.

11   IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

12   **THE PARTIES AND DEFINITIONS USED IN THIS FINAL JUDGMENT AND ORDER**

13   1.    The Named Plaintiff is Deno Milano, who filed this Litigation in 2010.

14   2.    Defendants are Interstate Battery System of America, Inc. ("Interstate Batteries")

15   and Interstate Battery System International, Inc.

16   3.    The Released Parties are Interstate Battery System of America, Inc.; Interstate

17   Battery System International, Inc.; their predecessors, successors, and assigns; the present and

18   former, direct and indirect, parents, subsidiaries, sister corporations, divisions, corporate

19   affiliates, or associates of any of the above; and the present and former employees, officers,

20   directors, control persons, members, principals, partners, agents, attorneys, shareholders,

21   advisors, assigns, and representatives of any of the above.  "Released Parties" includes

22   distributors and authorized dealers owned by any Settling Defendant, but "Released Parties"

23   does not include distributors and authorized dealers not owned by a Settling Defendant.

24   4.    The Effective Date is the date on which all appellate rights with respect to this

25   Final Judgment and Order have expired or have been exhausted in such a manner as to affirm

26   this Final Judgment and Order, and when no further appeals are permissible, including review by

27   the United States Supreme Court.

28

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

CERTIFICATION OF SETTLEMENT CLASS

5.      The Court has certified the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2):

> All original purchasers of an Interstate Batteries trademarked battery (meaning the Interstate Batteries, Nationwide, Power Volt, and Quickstart brands) that was covered by a Previous Interstate Batteries' Pro-Rata Warranty and that was purchased from an Interstate Batteries authorized dealer (but not from an All Battery Center Store), in the United States or the District of Columbia, at any time from April 19, 2000 through April 30, 2012, and who:

> > **(i)**  later presented that original battery, during the applicable pro-rata-warranty-coverage period, to an Interstate Batteries authorized warranty dealer for a pro-rata-warranty adjustment on the price of a Replacement Battery, and who then purchased that Replacement Battery from that dealer at an adjusted price on a date from May 19, 2006, through April 30, 2012 ("Replacement-Battery-Purchaser Class Members"); or

> > **(ii)**  still had, on or before April 30, 2012, an unexpired contractual right under a Previous Interstate Batteries' Pro-Rata Warranty to purchase a Replacement Battery in a pro-rata-warranty-adjustment transaction if their original battery fails under the terms of the Previous Interstate Batteries' Pro-Rata Warranty ("Unexpired-Warranty-Holder Class Members").

> Excluded from the class definition are Interstate Battery System of America, Inc., and Interstate Battery System International, Inc.; affiliates, parents, or subsidiaries of Settling Defendants; entities in which Settling Defendants have a controlling interest; predecessors, successors, or assigns of Settling Defendants; any judges who preside over this Litigation before Final Judgment, their spouses, the members of their staffs, and anyone within the third degree of relationship from the judges or their spouses, as well as those persons' spouses; and persons employed by Class Counsel.

FINAL APPROVAL OF CLASS SETTLEMENT

6.      The Court hereby reaffirms its finding that the Settlement Class defined above in paragraph 5 meets the requirements of Federal Rule of Civil Procedure 23(b)(2).

7.      The Court finds that the notice given in this Rule 23(b)(2) class action settlement is both appropriate under Rule 23(c)(2)(A) and is reasonable under Rule 23(e)(1).  The Court further finds that appropriate notice under the Class Action Fairness Act, 28 U.S.C. § 1715, has been given to the appropriate federal and state governmental officials.  The Court has given the appropriate state and federal government officials the requisite ninety day time period (pursuant

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1   to 28 U.S.C. § 1715) to comment or object to the proposed amended settlement before entering

2   this Final Judgment and Order, and no such objections or comments were received.

3          8.      The Court has considered the two objections submitted regarding final approval

4   of the settlement.

5               a.      The Court finds that Leonard A. Wood, Jr, a former Interstate Batteries

6   dealer, did not establish that he is a Settlement Class Member so he does not have standing to

7   object to the proposed settlement.  The Court further finds that the matters contained in Mr.

8   Wood's objection relate to his situation as a former Interstate Batteries dealer, and thus do not

9   pertain to the claims in this Litigation.  Accordingly, the Court overrules Mr. Wood's objections.

10              b.      The Court finds that Wayne Barginear failed to respond to Plaintiff's

11  discovery requests for documents and tangible things and thus did not comply with the

12  preliminary approval order entered by the Court on March 8, 2012.  (*See* Dkt. No. 72.)  By

13  failing to respond to Plaintiff's discovery requests, Mr. Barginear is also in violation of the

14  stipulation and order entered by the Court on June 1, 2012.  (*See* Dkt. Nos. 89 & 90.)  Pursuant

15  to the March 8 Order, the Court hereby strikes Mr. Barginear's objection, which the Court notes

16  Mr. Barginear repudiated in his deposition testimony on June 25, 2012.  (*See* Dkt. 97, Exhibit 1.)

17  The Court also overrules Mr. Barginear's objection on the merits.  The Court finds that the

18  objection misstates Supreme Court precedent and repeatedly makes notice objections based on

19  the subpart of Federal Rule of Civil Procedure 23(c) that applies to Rule 23(b)(3) classes—not

20  this Rule 23(b)(2) class.  The Court further finds that the Notice Plan is appropriate and

21  reasonable, the terms of the settlement are fair, reasonable, and adequate, and the Court's

22  deadlines and administrative requirements for objections were proper.

23         9.      The Court has considered the following factors in determining whether the

24  settlement should be finally approved:  (1) the strength of the plaintiff's case; (2) the risk,

25  expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class

26  action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery

27  completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the

28  presence of a governmental participant; and (8) the reaction of the class members to the proposed

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1  settlement. *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).  In addition,

2  the Court has considered all of the requirements identified in *In re Bluetooth Headset Prods.*

3  *Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), including the possibility of collusion among the

4  negotiating parties.  In this case, the negotiating parties conducted Court-ordered mediation

5  before an experienced former California judge.  This mediation occurred after the parties had

6  conducted significant discovery and assessed the merits of the case.  Moreover, the record

7  demonstrates that, at the direction of this former California judge, the parties reached agreement

8  on all substantive terms before discussing attorneys' fees or Named Plaintiff's incentive award.

9  The Court finds that the settlement is a result of extensive, arm's-length negotiation.  Finally, the

10  conduct of counsel before this Court over the course of the Litigation demonstrates that counsel

11  for both sides are experienced in class action litigation and zealously represented their respective

12  clients.  After considering all of those factors, the Court approves every term of the Amended

13  Settlement Agreement, finding that it is fair, reasonable, and adequate.  The Court directs the

14  Parties to implement the Amended Settlement Agreement according to its terms.

15  **INJUNCTION AGAINST DEFENDANTS**

16      10.      Pursuant to the terms of the Amended Settlement Agreement, Defendants  are

17  HEREBY ENJOINED as follows:

18      **Implementation of Improved Business Practices**

19      11.      The Court enjoins Interstate Batteries to implement the improved business

20  practices stated below (in paragraphs 11(a) to 11(g)) until December 31, 2014.  The Court finds

21  that Interstate Batteries began implementing the improved warranty practices in May 2012, with

22  the specific approval of Class Counsel.

23          a.      Interstate Batteries shall rewrite and begin using a new form of limited

24  warranty for the Interstate Batteries brand of automotive batteries currently sold by Interstate

25  Batteries authorized dealers in the United States and the District of Columbia.

26          b.      Interstate Batteries shall make the terms, language, and format of this new

27  limited warranty more easily understood by consumers.

28

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1            c.      If the new form of limited warranty for some automotive battery models

2    includes a pro-rata warranty, Interstate Batteries shall state clearly how any pro-rata-warranty-

3    adjustment price would be calculated.  Moreover, that calculation shall be based on Interstate

4    Batteries' then-current "Suggested Retail Price" for the replacement battery, and not based on

5    Interstate Batteries' "List Price."

6            d.      Interstate Batteries shall improve its method of delivering this new limited

7    warranty to consumers.  Going forward, Interstate Batteries shall create a new program of

8    providing this new written limited warranty to its authorized dealers, through its distributors,

9    with instructions that dealers are to deliver the new written limited warranty to the purchaser at

10   the time of sale of any Interstate Batteries brand of automotive batteries sold by Interstate

11   Batteries authorized dealers in the United States and the District of Columbia.  As the Warrantor,

12   Interstate Batteries is specifically permitted to provide the warranty to the "sellers" of the

13   batteries under the Magnuson-Moss Warranty Act.

14           e.      When Interstate Batteries begins using the new form of limited warranty,

15   however, there will be batteries that Interstate Batteries has already sold (to its distributors or

16   otherwise) and that are already in the chain of distribution and labeled or packaged with the

17   Previous Interstate Batteries' Pro-Rata Warranty.  Interstate Batteries is not required to recall or

18   repackage any of those batteries.

19           f.      The new limited warranty shall contain all statements and disclosures

20   required by the Magnuson-Moss Warranty Act.

21           g.      Interstate Batteries shall take reasonable steps to ensure that any posting of

22   this new limited warranty is uniform with the language of the hard copies of that limited

23   warranty provided at the time of sale.

24       12.      The injunctive obligations relating to the improved business practices described

25   above (in paragraphs 11(a) to 11(g)) shall apply only to the current models of Interstate Batteries

26   brand of automotive batteries currently sold by Interstate Batteries authorized dealers in the

27   United States and the District of Columbia as of the date of this Final Judgment and Order; those

28

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1  obligations shall not apply to any new or different battery models or products that Interstate

2  Batteries may develop, market, sell, or distribute after the date of this Final Judgment and Order.

3  **Implementation of Interstate Batteries Settlement Program**

4        13.     The Court enjoins Interstate Batteries to implement the Interstate Batteries

5  Settlement Program according to the specific terms contained in the Amended Settlement

6  Agreement, (Dkt. No. 77 at 31-44), until March 15, 2021.  The Court finds that Interstate

7  Batteries formally commenced the Interstate Batteries Settlement Program on January 9, 2012.

8            a.     Subject to the limitations described in the Amended Settlement

9  Agreement, Interstate Batteries shall provide a product voucher for $5 to any eligible Settlement

10  Class Member who timely submits a valid tier-one claim.

11            b.     Subject to the limitations described in the Amended Settlement

12  Agreement, Interstate Batteries shall provide any eligible Settlement Class Member's choice of a

13  check card in the amount of $8.50 or a product voucher for $12 to any eligible Settlement Class

14  Member who timely submits a valid tier-two claim.

15            c.     Interstate Batteries shall mail or email any product voucher or check card

16  issued in connection with a valid tier-one or tier-two claim form to the claimant within 30 days

17  of Interstate Batteries' receipt of the valid tier-one or tier-two claim.

18            d.     Interstate Batteries shall continue to provide additional notice in the future

19  regarding the Interstate Batteries Settlement Program, according to the specific terms contained

20  in the Amended Settlement Agreement.  (Dkt. No. 77 at 27-29.)  That additional notice shall

21  include the Class Settlement Website, online hyperlinks from keyword searches, and Interstate

22  Batteries' Website, and will continue through 2020.

23  **Limitations on Injunctive Relief**

24        14.     Any action by Defendants to comply with any federal, state or local law,

25  enactment, regulation, or judicial ruling shall not constitute a violation of this injunction.  In the

26  event that any obligations under this injunction become unlawful under any future federal, state

27  or local law, enactment, regulation, or judicial ruling, then Defendants shall be released from

28  performing such obligation.

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1  **RELEASE, WAIVER, AND RESERVATION OF RIGHTS**

2      15.      The Court HEREBY fully, finally, and forever RELEASES AND DISCHARGES

3  the Settlement Class Members' claims and rights as follows:

4      **Release of Claims and Rights by Replacement-Battery-Purchaser Class Members**

5      16.      Release of Equitable Claims by Replacement-Battery-Purchaser Class Members:

6  Upon the Effective Date, the Released Parties shall be fully, finally, and forever released and

7  discharged from any and all claims for injunctive relief, declaratory judgment relief, and any

8  other non-monetary equitable relief, known or UNKNOWN, arising on or before the Effective

9  Date that the Replacement-Battery-Purchaser Class Members either asserted or could have

10  asserted in the Litigation, including but not limited to equitable claims based on: (1) Interstate

11  Batteries' warranty; (2) the Magnuson-Moss Warranty Act; (3) breach of the implied covenant of

12  good faith and fair dealing; (4) the California Song-Beverly Consumer Warranty Act; (5) the

13  Consumers Legal Remedies Act; (6) unlawful, unfair, and fraudulent business practices; and/or

14  (7) the consumer protection statutes of any State or the District of Columbia.  Replacement-

15  Battery-Purchaser Class Members do not release any claims they may have against the Released

16  Parties for personal injury or property damage.  Individual monetary claims asserted on behalf of

17  individual Replacement-Battery-Purchaser Class Members are not released under this Final

18  Judgment and Order.  If a Replacement-Battery-Purchaser Class Member elects to participate in

19  the Interstate Batteries Settlement Program, however, he or she will be required to agree to the

20  release described below in paragraph 24 and in the Amended Settlement Agreement.  (Dkt. No.

21  77 at 52, Exs. D-E.)

22      17.      After entering into the Amended Settlement Agreement, Replacement-Battery-

23  Purchaser Class Members may discover facts other than, different from, or in addition to, those

24  that they know or believe to be true with respect to the Released Claims.  Replacement-Battery-

25  Purchaser Class Members expressly waive and fully, finally, and forever settle and release any

26  known or UNKNOWN, suspected or UNSUSPECTED, contingent or noncontingent claim with

27  respect to the Released Claims, whether or not concealed or hidden, without regard to the

28  subsequent discovery or existence of such other, different, or additional facts.  With respect to

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, each Replacement-Battery-Purchaser Class Member shall be deemed to have, and by operation of this Final Judgment and Order shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state, district, or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Named Plaintiff understands there is a risk he and Replacement-Battery-Purchaser Class Members might suffer losses UNKNOWN or UNSUSPECTED at the time of the release. Class Counsel advised Named Plaintiff of the rights conferred by California Civil Code § 1542. With knowledge of the risks, and upon advice of counsel, Named Plaintiff, and each Replacement-Battery-Purchaser Class Member shall be deemed to have, and by operation of this Final Judgment and Order shall have, expressly assumed the risks of UNKNOWN or UNSUSPECTED claims included in the Released Claims.

18.     Waiver of Class Action Procedural Device and Any Other Method of Aggregating Claims by Replacement-Battery-Purchaser Class Members:  Each Replacement-Battery-Purchaser Class Member waives the right to use the class action procedural device or any other method of joining, consolidating, or aggregating the claims of multiple plaintiffs, persons or entities, or the public in any future lawsuit or other proceeding against the Released Parties that asserts any claim that was or could have been brought in the Litigation.  In addition, each Replacement-Battery-Purchaser Class Member waives any right conferred by rule, statute, or any other law to seek—in any future lawsuit or other proceeding against the Released Parties arising from claims that were or could have been brought in the Litigation—any relief on behalf of or for the benefit of any other persons.  Stated differently, each Replacement-Battery-Purchaser Class Member may only seek money or other relief for himself or herself, individually. Replacement-Battery-Purchaser Class Members recognize that as part of the Amended Settlement Agreement, Defendants are not contesting the certification of a conditional Settlement

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1   Class, even though Defendants believe that this Litigation could not be certified as a class action

2   for trial purposes.  Moreover, Replacement-Battery-Purchaser Class Members further recognize

3   that they have already availed themselves of the class action procedural device once in this

4   Litigation, and obtained the multiple benefits provided by the Amended Settlement Agreement.

5          19.     Reservation of Individual Lawsuits for Monetary Damages by Replacement-

6   Battery-Purchaser Class Members:  Each Replacement-Battery-Purchaser Class Member,

7   excluding the Named Plaintiff, does not release and discharge, but instead preserves, the right of

8   an individual Replacement-Battery-Purchaser Class Member to file an individual lawsuit against

9   any Released Party seeking monetary damages (but such a Settlement Class Member can only

10  file such an individual lawsuit for himself or herself, and not for any other person) for damages

11  which arose on or before the Effective Date and are based on claims that either were asserted or

12  could have been asserted in the Litigation.  Each Replacement-Battery-Purchaser Class Member

13  understands and agrees that his or her reservation of rights to file such individual lawsuits is

14  subject to the waiver of the class action procedural device and any other method of aggregating

15  claims, described in paragraphs 18 and 27.  If a Replacement-Battery-Purchaser Class Member

16  elects to participate in the Interstate Batteries Settlement Program, however, he or she will be

17  required to agree to the release described below in paragraph 24 and in the Amended Settlement

18  Agreement.  (Dkt. No. 77 at 52, Exs. D-E.)

19          **Release of Claims and Rights by Unexpired-Warranty-Holder Class Members**

20          20.     Release of Certain Equitable Claims by Unexpired-Warranty-Holder Class

21  Members:  Upon the Effective Date, the Released Parties shall be fully, finally, and forever

22  released and discharged from any and all claims for injunctive relief, declaratory judgment relief,

23  and any other non-monetary equitable relief, known or UNKNOWN, arising on or before the

24  Effective Date that Unexpired-Warranty-Holder Class Members have, however styled or

25  presented, relating to how the adjusted price of a Replacement Battery in a pro-rata-adjustment

26  transaction would be calculated under a Previous Interstate Batteries' Pro-Rata Warranty.

27  Unexpired-Warranty-Holder Class Members do not release any other claims they may have

28  against the Released Parties.  If an Unexpired-Warranty-Holder Class Member becomes eligible

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1    for and elects to participate in the Interstate Batteries Settlement Program, however, he or she

2    will be required to agree to the release described below in paragraph 24 and in the Amended

3    Settlement Agreement.  (Dkt. No. 77 at 52, Exs. D-E.)

4            21.     After entering into the Amended Settlement Agreement, Unexpired-Warranty-

5    Holder Class Members may discover facts other than, different from, or in addition to, those that

6    they know or believe to be true with respect to the Released Claims.  Unexpired-Warranty-

7    Holder Class Members expressly waive and fully, finally, and forever settle and release any

8    known or UNKNOWN, suspected or UNSUSPECTED, contingent or noncontingent claim with

9    respect to the Released Claims, whether or not concealed or hidden, without regard to the

10   subsequent discovery or existence of such other, different, or additional facts.  With respect to

11   any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, each

12   Unexpired-Warranty-Holder Class Member shall be deemed to have, and by operation of this

13   Final Judgment and Order shall have, expressly waived any and all provisions, rights, and

14   benefits conferred by any law of any state, district, or territory of the United States, or principle

15   of common law, which is similar, comparable, or equivalent to California Civil Code § 1542,

16   which provides:

17
     *A general release does not extend to claims which the creditor does not know or suspect
     to exist in his or her favor at the time of executing the release, which if known by him or
18   her must have materially affected his or her settlement with the debtor.*

19           Named Plaintiff understands there is a risk he and Unexpired-Warranty-Holder Class Members

20   might suffer losses UNKNOWN or UNSUSPECTED at the time of the release.  Class Counsel advised

21   Named Plaintiff of the rights conferred by California Civil Code § 1542.  With knowledge of the risks,

22   and upon advice of counsel, Named Plaintiff, and each Unexpired-Warranty-Holder Class Member

23   shall be deemed to have, and by operation of this Final Judgment and Order shall have, expressly

24   assumed the risks of UNKNOWN or UNSUSPECTED claims included in the Released Claims.

25           **Release of Claims and Rights by Named Plaintiff**

26           22.     Named Plaintiff's Release of All Claims:  Upon the Effective Date, the Released

27   Parties shall be fully, finally, and forever released and discharged from any and all claims by or

28   brought on behalf of the Named Plaintiff, whether legal, equitable, monetary, or otherwise,

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1 known or UNKNOWN, arising on or before the Effective Date that Named Plaintiff either

2 asserted or could have asserted against the Released Parties in the Litigation.

3        23.        After entering into the Amended Settlement Agreement, Named Plaintiff may

4 discover facts other than, different from, or in addition to, those that he knows or believes to be

5 true with respect to the claims he is releasing.  Named Plaintiff expressly waives and fully,

6 finally, and forever settles and releases any known or UNKNOWN, suspected or

7 UNSUSPECTED, contingent or noncontingent claim, whether or not concealed or hidden,

8 without regard to the subsequent discovery or existence of such other, different, or additional

9 facts.  Named Plaintiff and the Defendants stipulate and agree that upon the Effective Date,

10 Named Plaintiff shall expressly waive any and all provisions, rights, and benefits conferred by

11 any law of any state, district, or territory of the United States, or principle of common law, which

12 is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

15 Named Plaintiff understands there is a risk he might suffer losses UNKNOWN or

16 UNSUSPECTED at the time of the release.  Class Counsel advised Named Plaintiff of the rights

17 conferred by California Civil Code § 1542.  With knowledge of the risks, and upon advice of

18 counsel, Named Plaintiff expressly assumes the risks of UNKNOWN or UNSUSPECTED

19 claims.

20        **Release for Participation in Interstate Batteries Settlement Program**

21        24.        Additional Release for Participation in Interstate Batteries Settlement Program:

22 The releases described above in paragraphs 16 to 23 shall become effective according to the

23 specific terms of this Final Judgment and Order.  If any eligible Settlement Class Member elects

24 to make a valid claim under the Interstate Batteries Settlement Program (as described in the

25 Amended Settlement Agreement) and is issued a check card or product voucher under that

26 program, he or she will be required in exchange to provide a different release, as described in the

27 Amended Settlement Agreement.  (Dkt. No. 77 at 52, Ex. D-E.)  The Court approves of that

28 release for those Settlement Class Members who choose to participate in the Interstate Batteries

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

1   Settlement Program.  That release arises under the Amended Settlement Agreement and from an

2   eligible Settlement Class Member's participation in the Interstate Batteries Settlement Program.

3   **INJUNCTION AGAINST SETTLEMENT CLASS MEMBERS**

4        25.      Settlement Class Members are HEREBY ENJOINED as follows:

5        **Replacement-Battery-Purchaser Class Members Barred from Asserting Released**

6        **Claims And Using the Class Action Procedural Device**

7        26.      The Court permanently bars and enjoins all Replacement-Battery-Purchaser Class

8   Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit

9   to the extent that it asserts Released Claims, as described above in paragraphs 16 to 19.

10       27.      The Court permanently bars and enjoins each Replacement-Battery-Purchaser

11  Class Member from seeking to use the class action procedural device or any other method of

12  joining, consolidating, or aggregating claims of multiple plaintiffs, persons or entities, or the

13  public in any future lawsuit or other proceeding against any Released Party that asserts any

14  claim, whether legal, equitable, monetary, or otherwise, that was or could have been brought in

15  the Litigation.  The Court permanently bars and enjoins each Replacement-Battery-Purchaser

16  Class Member from seeking—in any future lawsuit or other proceeding against the Released

17  Parties—any relief on behalf of or for the benefit of any other persons.  The Court permanently

18  bars and enjoins each Replacement-Battery-Purchaser Class Member from seeking any relief or

19  otherwise participating as an unnamed class member, represented person, or beneficiary in any

20  class action or other representative, joint, consolidated, or aggregate proceeding that asserts any

21  claim, whether legal, equitable, monetary, or otherwise, that was or could have been brought in

22  the Litigation.

23       **Unexpired-Warranty-Holder Class Members Barred from Asserting Released**

24       **Claims**

25       28.      The Court permanently bars and enjoins all Unexpired-Warranty-Holder Class

26  Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit

27  to the extent that it asserts Released Claims, as described above in paragraphs 20-21.

28  **DISMISSAL OF THE LITIGATION**

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW

29.     The Court HEREBY DISMISSES THIS ACTION WITH PREJUDICE AND WITHOUT COSTS, except as might be awarded in connection with Named Plaintiff's Motion for Attorneys' Fees, Expenses, and Service Award.  (Dkt. No. 78.).

**FEE APPLICATION**

30.     The Court shall consider the Motion for Attorneys' Fees, Expenses, and Service Award, (Dkt. No. 78), separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Amended Settlement Agreement.  Any order or proceedings relating to the Motion for Attorneys' Fees, Expenses, and Service Award, (Dkt. No. 78), or any appeal from any order relating thereto or reversal or modification thereof, shall not disturb or affect this Final Judgment and Order or affect or delay the finality of this Final Judgment and Order.

**COURT'S CONTINUING JURISDICTION**

31.     Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing and exclusive jurisdiction over the Named Plaintiff, the Settlement Class, and the Defendants with respect to the Amended Settlement Agreement and this Final Judgment and Order, including (a) implementation of the Amended Settlement Agreement; (b) Named Plaintiff's Motion for Attorneys' Fees, Expenses, and Service Award, (Dkt. No. 78); and (c) jurisdiction over the Named Plaintiff, members of the Settlement Class, and the Defendants for purposes of construing, enforcing, and administering the Amended Settlement Agreement and this Final Judgment and Order, including the injunctions set forth herein.

IT IS SO ORDERED.


Dated:  __July 5, 2012_____          _____
                                       Judge Claudia Wilken
                                       United States District Judge

[PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. 10-CV-2125 CW