Eric H. Gibbs (State Bar No. 178658)
David Stein (State Bar No. 257465)
Amy M. Zeman (State Bar No. 271300)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CA LIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| DENO MILANO,<br><br>         Plaintiff,<br>    vs.<br><br>INTERSTATE BATTERY SYSTEM OF AMERICA, INC.; INTERSTATE BATTERY SYSTEM INTERNATIONAL, INC.,<br><br>         Defendants. | Case No. 10-CV-2125-CW<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD |

This matter came before the Court for hearing on June 28, 2012, pursuant to the Order Granting Preliminary Approval of Amended Class Settlement dated March 8, 2012, and on Plaintiff's motion for an award of attorneys' fees, expenses and service award. Where not otherwise defined, all capitalized terms in this Order shall have the same meaning as set forth in the Amended Settlement Agreement. Due and adequate notice having been given to the members of the class and having considered all papers filed and proceedings had in this matter, the Court finds as follows:

1. At the conclusion of a successful class action, class counsel may apply to the Court for an award of "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). As reflected in the Amended Settlement Agreement, Defendants have agreed to pay an amount awarded by the Court not to exceed $1,050,000 to Class Counsel Girard Gibbs LLP, and Girard Gibbs agreed not to accept an award above that amount. Though the amount Class Counsel is requesting is the result of negotiation, the Court must still ensure that the requested fee award is reasonable. *See In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

2. The Court finds that it is appropriate to use the lodestar method to determine the reasonableness of the requested fee award, as Plaintiff's right to a fee arises under two California fee-shifting statutes that are designed to incentivize counsel to pursue consumer interests through publicly beneficial litigation, namely, the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1780(e) and Cal. Code of Civ. Proc. § 1021.5. *See Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995) (in diversity actions, state law applies "in determining not only the right to fees, but also in the method of calculating the fees"); *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556-57 (2009) (under California law, the primary method for calculating statutory fee awards is the lodestar method—a two-step process under which the lodestar is produced by multiplying the time reasonably spent on the litigation by a reasonable hourly rate, which may be adjusted based on a variety of factors).

3. The Court has reviewed the Parties' agreement and the evidence submitted by Class Counsel of the work performed in the case, the time spent performing that work, Class Counsel's hourly rates, and the expenses Class Counsel incurred. The Court finds that Class Counsel reasonably

spent 2366.95 hours representing the class's interests through this litigation, finds Class Counsel's hourly rates to be reasonable and in line with the prevailing rates in the community for complex class action litigation, and therefore finds that the lodestar value of Class Counsel's services, as of June 28, 2012, is $1,054,838.25.  Additionally, the Court finds that Class Counsel reasonably incurred $36,068.42 in expenses to prosecute this action.  Thus, the total value of the services provided by Class Counsel and their incurred expenses is $1,090,906.67.

4. The Court further finds that Class Counsel achieved the goals of the suit, obtained injunctive relief that is socially beneficial, and secured a claims program for class members that will remain open through December 31, 2020, each of which support the reasonableness of the attorneys' fee requested.  In addition, Class Counsel has ongoing responsibilities in connection with the settlement.

5. Based on the Court's lodestar analysis under California law, the Court finds Interstate's agreement to pay Class Counsel an amount awarded by the Court not to exceed $1,050,000 for fees and expenses to be reasonable.  The Court finds no evidence that Interstate has agreed to pay a fee measurably higher than it could conceivably have to pay were the fee amount litigated.

6. The Court has considered the objection submitted by Wayne Barginear regarding Plaintiff's fee request.  The Court finds that Mr. Barginear failed to respond to Plaintiff's discovery requests for documents and tangible things and thus did not comply with the preliminary approval order entered by the Court on March 8, 2012.  (*See* Dkt. No. 72.)  By failing to respond to Plaintiff's discovery requests, Mr. Barginear is also in violation of the stipulation and order entered by the Court on June 1, 2012.  (*See* Dkt. Nos. 89 & 90.)  Pursuant to the March 8 Order, the Court hereby strikes Mr. Barginear's objection, which the Court notes Mr. Barginear repudiated in his deposition testimony on June 25, 2012.  (*See* Dkt. 97, Exhibit 1.)  The Court also overrules Mr. Barginear's objection on the merits.  The Court finds that the terms of the Amended Settlement Agreement are fair, reasonable, and adequate and that the fee amount requested is reasonable in relation to Class Counsel's success in this matter, the benefits provided to the class, and the work Class Counsel has performed to date and may perform in the future.  The Court also notes that the fee amount requested will not fully compensate Class Counsel for the amount of time that Class Counsel reasonably spent prosecuting this action on

1  behalf of the class, or for the work they have committed to conducting on behalf of the class in the
2  future.
3     7.   Accordingly, the Court approves the fee award pursuant to Federal Rule of Civil
4  Procedure 23(h) and awards Girard Gibbs attorneys' fees in the amount of $1,013,931.58 and costs in
5  the amount of $36,068.42.
6     8.   The Court further awards Deno Milano $1,250 for his service on behalf of the class.
7  **IT IS SO ORDERED.**

9  Date:  July 5, 2012

                                    _____
                                    The Honorable Claudia Wilken
                                    United States District Judge